UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MARK GOLDSTEIN, Individually And On Behalf of All Others Similarly Situated, | : : : | 08-CV-00505-SAS |
| Plaintiff, | : : | |
| vs. | : : | |
| CENTERLINE HOLDING COMPANY, ET AL. | : : | |
| Defendants. | : : | |
| _____x | | |
| BRIAN QUILL, Individually and on behalf of all others similarly situated, | : : : | 08-CV-01902-DAB |
| Plaintiff, | : : : | |
| vs. | : : | |
| CENTERLINE HOLIDNG CO., INC., ET AL., | : : | |
| Defendants. | : : | |
| _____x | | |
| JOHN CARFAGNO, derivatively on behalf of CENTERLINE HOLDING COMPANY, | : : : | 08-CV-00912-SAS |
| Plaintiff, | : : : | |
| vs. | : : | |
| MARC D. SCHNITZER, ET AL., | : : | |
| Defendants. | : : : | |
| _____x | | |

(Additional Captions Follow)

**MEMORANDUM IN SUPPORT OF MOTION BY ROSLYN GOLDENBERG, MITCHELL GOLDENBERG, JANE GOLDENBERG, MICHAEL GOLDENBERG AND LISA GOLDENBERG TO CONSOLIDATE ALL RELATED ACTIONS, TO BE APPOINTED LEAD PLAINTIFFS, AND FOR APPROVAL OF THEIR SELECTION OF <u>FARUQI & FARUQI, LLP AND MARCUS & AUERBACH, LLC AS LEAD COUNSEL</u>**

| | | |
|---|---|---|
| ─────────────────────────────x | | |
| PETER FRANK, Individually and on behalf of all others similarly situated, | : | 08-cv-01026-SAS |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CENTERLINE HOLIDNG CO., INC., ET AL., | : | |
| | : | |
| Defendants. | : | |
| ─────────────────────────────x | | |
| DEBORAH DECHTER, Individually and on behalf of all others similarly situated, | : | 08-CV-01593-SAS |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CENTERLINE HOLIDNG COMPANY, ET AL., | : | |
| | : | |
| Defendants. | : | |
| ─────────────────────────────x | | |
| LORI WEINRIB, Individually and on behalf of all others similarly situated, | : | 08-CV-01158-SAS |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CENTERLINE HOLIDNG COMPANY, ET AL., | : | |
| | : | |
| Defendants. | : | |
| ─────────────────────────────x | | |
| THOMAS LYONS, Individually and on behalf of all others similarly situated, | : | 08-CV-01458-SAS |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CENTERLINE HOLIDNG COMPANY, ET AL., | : | |
| | : | |
| Defendants. | : | |
| ─────────────────────────────x | | |

|  |  |  |
|---|---|---|
| ─────────────────────────────── x | | |
| LOUIS KANTER and JAMIE STARK, derivatively on behalf of Nominal Defendant Centerline Holding Company, | : : : : : | 08-cv-01827-SAS |
| Plaintiff, | : : | |
| vs. | : : | |
| STEPHEN M. ROSS, ET AL., | : : : | |
| Defendants. | : : : | |
| ─────────────────────────────── x | | |
| BROY, derivatively on behalf of nominal defendant CENTERLINE HOLDING COMPANY, | : : : : : | 08-CV-01971-SAS |
| Plaintiff, | : : | |
| vs. | : : | |
| JEFF T. BLAU, ET AL., | : : : | |
| Defendants. | : : : | |
| ─────────────────────────────── x | | |

## I. **PRELIMINARY STATEMENT**

Before the Court, now, are a series of shareholder class actions and derivative actions on behalf of Centerline Holding Company ("Centerline" or the "Company"). The cases allege a core of substantially similar facts, involving a transaction wherein Centerline securitized its tax-exempt affordable bond portfolio in its efforts to transform itself into a full-service real estate investment firm, the decline of the Company's dividend and an insider investment of $131 million in exchange for preferred stock with a healthy dividend. Two issues are presently before the Court, including the consolidation of the above-captioned related cases and the appointment of lead plaintiffs and the approval of their selection of lead counsel pursuant to the Private Securities Litigaiton Reform Act ("PSLRA"), 15 U.S.C. §78u-4, *et seq*.

Roslyn Goldenberg, Mitchell and Jane Goldenberg and Michael and Lisa Goldenberg (the "Goldenbergs," or Movants) are a family of investors who purchased the shares of Centerline Holding Company ("Centerline" or the "Company") individually and jointly during the Class Period. As a direct result of defendants' alleged wrongdoing in these related cases, the Goldenbergs, together and individually, suffered substantial losses. Now, the Goldenbergs seek to serve the Class as Lead Plaintiffs. Pursuant to PSLRA, the Goldenbergs hereby move this Court for the entry of an Order: (i) consolidating all related actions filed against Centerline alleging violations of the federal securities laws, as well as any other related actions pending in this Court and all subsequently filed or transferred actions (collectively, the "Related Actions"); (ii) appointing the Goldenbergs as Lead Plaintiffs for the Class; and (iii) approving the Goldenbergs' selection of Faruqi & Faruqi, LLP and Marcus & Auerbach, LLC as Lead Counsel.

The Related Actions are federal securities fraud class actions brought against Centerline and certain officers and directors of the Company. Each of the Related Actions seeks damages, in general, for violations of Section 10b of the Exchange Act and Rule 10b-5 promulgated thereunder on behalf of all persons or entities who purchased or otherwise acquired the common

stock of Centerline during the period December 5, 2006 through and including December 28, 2007 ("Class Period").[1]

To their knowledge, the Goldenbergs comprise the only group of potential lead plaintiffs with a pre-existing relationship among the members of a group proposing itself as lead plaintiffs. They also suffered among the larger losses of any group, if not the largest loss. As such, given their close familial relationship and the size of their losses resulting from Class Period purchases of Centerline common stock, the Goldenbergs are well qualified to serve as Lead Plaintiffs in this action. As discussed below, Movants satisfy each of the requirements of the PSLRA and, therefore, are qualified for appointment as Lead Plaintiff in these Actions.

## II. PROCEDURAL BACKGROUND

On or about January 18, 2008, plaintiff Mark Goldstein filed the first action, *Goldstein v. Centerline Holding Company, et al.*, 08-CV-00505-SAS, (the "*Goldstein* action") in the United States District Court for the Southern District of New York on behalf of a class consisting of all persons and entities who purchased or otherwise acquired Centerline common stock pursuant from March 12, 2007 through December 28, 2007, and were damaged thereby (the "Class"). The *Goldstein* action alleged violations of Sections 10b and 20a of the Exchange Act and Rule 10b-5 promulgated thereunder. Pursuant to Section 21D(a)(3)(A)(i) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(A)(i), on January 18, 2008, plaintiff Goldstein published notice of the pendency of the action over a widely-available, national business-oriented wire service, *PRNewswire*. Goldstein advised members of the Class of their right to move the Court to serve as lead plaintiff(s) no later than 60 days from the date of publication of the notice or March 18, 2008. *See* Declaration of Antonio Vozzolo In Support Of Goldenberg Motion To Serve As Lead Plaintiffs ("Vozzolo Decl."), Exhibit A. Movants file this Motion within the 60-day period following Goldstein's publication of the January 18, 2008 notice.

---

[1] The Goldenbergs derive the Cass Period from the case *Quill v. Centerline Holding Co, Inc. et al.*, 08-CV-01902. The *Goldstein* complaint and the other class complaints state the class period as March 12, 2007 through December 28, 2007. Lead Plaintiffs will reconcile the different class periods upon filing an amended complaint.

2

After Goldstein filed his action, several other class actions were filed, alleging substantially similar claims under the Exchange Act. In addition, several purported Centerline shareholders filed derivative actions against the directors on behalf of nominal defendant Centerline holdings, alleging violations of state-imposed breaches of fiduciary duty. With the exception of one case, all of the actions were filed as related to the Goldstein action and pending before Judge Scheindlin.

### III. STATEMENT OF FACTS

Centerline is a Delaware corporation with its principle executive offices located at 625 Madison Avenue, New York, New York 10022 that touts itself as an investment and finance company with a core focus on real estate. ¶19.[2] In addition to Centerline, defendants in the Class Actions include Centerline, Marc D. Schnitzer, Robert L. Levy, Jeff T. Blau and Stephen M. Ross. (collectively the "Individual Defendants"). In the derivative actions, defendants are Marc D. Schnitzer, Stephen M. Ross, Jeff T. Blau, Leonard W. Cotton, Robert J. Dolan, Nathan Gantcher, Jerome Y. Halpern, Robert L. Loverd, Robert A. Meiser, Janice Cook Roberts, Thomas W. White and Nominal Defendant, Centerline (collectively the "Derivative Defendants").

In general, the plaintiffs who have filed complaints allege that Defendants Ross and Blaue dominated and controlled Centerline. ¶¶31-32. Centerline had been a tax-exempt bond fund and defendants sought to evolve the Company into a full-service real estate finance and investment firm. ¶34. Goldstein alleged that statements describing that evolutionary process and the financial results of Centerline were false and misleading because defendants "concealed. . . that Centerline was then in the process of selling its mortgage revenue bond portfolio to Freddie Mac." ¶35. More importantly, defendants failed to disclose that by selling the bond portfolio, the company's dividend was in jeopardy. *Id*. Throughout the class period, as Goldstein alleged,

---

[2] All paragraph references are to the complaint in the first filed *Goldstein* action.

defendants failed to disclose that the Company intended to sell its bond portfolio and, in turn, that its dividend would decline materially. ¶40, 52, 67.

On December 28, 2007, Goldstein alleges, Centerline announced that it had completed a transaction with Freddie Mac in which it would securitize its $2.8 billion tax-exempt affordable housing bond portfolio. ¶68. It also revealed that defendant Ross, through other companies that he controlled, would infuse $131 million in cash into Centerline in return for convertible preferred stock, paying a dividend at 11%. ¶69. Most importantly, however, Centerline disclosed that it would slash its dividend substantially, from $1.68 per year to $0.60 – a 64% decline. ¶70. Upon these disclosures and the disclosures, not only did investors express utter disgust,¶¶73-74, but the share price plummeted by 25% in a single days trading on unusually heavy volume of over 4.1 million shares. ¶¶75-80.[3]

### IV. ARGUMENT

**A.    THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

Federal Rule of Civil Procedure 42(a) states that courts may order consolidation of all actions "involving common questions of law or fact. . . ." Fed. R. Civ. P. 42(a). This Court has broad discretion to determine whether to consolidate these Related Actions, but considerations of judicial economy generally prompt courts to consolidate factually similar cases such as these. *See e.g. Goldberger v. PXRE Group, Ltd.*, 2007 U.S. Dist LEXIS 23925 * 5-6 (S.D.N.Y. March 30, 2007) (citing *Barnet v. Elan Corp.*, 236 F.R.D. 158, 160 (S.D.N.Y. 2005)).

Each of the Related Actions involves class action or derivative claims arising out of the same operative sets of facts. Each of the Related Actions asserts substantially similar facts involving defendants issuing false and misleading statements about Centerline. As such,

---

[3] The derivative claims all stem from the same allegations – that Centerline sold its bond portfolio and that the transaction selling entities affiliated with defendant Ross preferred shares was improper. *See, e.g. Carfagno v. Schnitzer, et al.*, Civil Action No. 08-cv-00912 and *Kanter, et al. v. Ross, et al.*, Civil Action No. 08-cv-01827. While the claims in the derivative cases are different from those in the securities cases, they will require virtually identical proof. Discovery in both the securities and derivative cases will, therefore, be substantially similar. Thus, for the sake of economy of judicial and litigation resources, the lead plaintiffs in the securities case should lead the efforts with respect to all pretrial matters concerning the derivative cases as well.

consolidation is appropriate where, as here, there are actions involving common questions of fact. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir.), *cert. denied,* 498 U.S. 920 (1990). That test is met here and the Related Actions should therefore be consolidated for pre-trial purposes.

**B.    THE COURT SHOULD APPOINT THE GOLDENBERGS AS LEAD PLAINTIFS**

**1.    The Procedure Required By The PSLRA**

The PSLRA established a procedure that governs the appointment of a lead plaintiff in each action arising under the Securities Act "that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a).

First, a notice must be published to the class, within 20 days of filing the initial action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i). Counsel for Plaintiff Mark Goldstein published such a notice over the *PR Newswire* on January 18, 2008. *See* Vozzolo Decl., Ex. A. Goldstein's notice described that applications for appointment as Lead Plaintiff were to be made no later than March 18, 2008, stating, pursuant to 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II), that within 60 days after publication of the notice, any person or group of persons who are members of the Class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.

Second, the PSLRA provides that within 90 days after publication of the notice the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that - -

5

      (aa)    has either filed the complaint or made a motion in response to a notice. . .

      (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

      (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### 2. Together, the Goldenbergs Satisfy The "Lead Plaintiff" Requirements of the PSLRA

#### (a) The Goldenbergs Have Complied With The Provisions of the PSLRA And Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed lead plaintiff herein, under. 15 U.S.C. §§78u-4(a)(3)(A-B), expires on March 18, 2008. Pursuant to the provisions of the PSLRA and within the requisite time frame after the January 18, 2008 publication of the required notice, Movants herein timely filed this Motion to consolidate the Related Actions and to be appointed Lead Plaintiffs on behalf of all persons and entities who purchased or otherwise acquired Centerline securities during the Class Period. Movants duly signed and filed certifications, stating that they have reviewed a draft complaint and that they are willing to serve as representative party on behalf of the Subclass. *See* Vozzolo Decl., Ex. B. In addition, Movants have selected and retained experienced and competent counsel to represent it and the Subclass. *See* Vozzolo Decl., Exs. C and D. Accordingly, Movants have satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and are entitled to have its application for appointment as Lead Plaintiff and its selection of counsel, as set forth herein, considered and approved by the Court.

#### (b) Together, the Goldenbergs Have The Largest Financial Interest In The Relief Sought By The Subclass

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff(s) the class member or members who represent the largest financial interest in the relief sought by the action. As evidenced by the accompanying signed certifications, during the Class Period, the

6

Goldenbergs collectively Movants purchased and/or acquired 11,576 shares of the Company's common stock, suffering estimated collective losses of $73,478.81 as a direct and proximate result of Defendants' misconduct. *See* Goldenberg Loss Chart, Vozzolo Decl., Exhibit E. The Goldenbergs disposed of all of their shares after the Company released the adverse news on December 28, 2007. Thus, Movants herein have a significant financial interest in this case.

Movants are aware, through their counsel, that other persons may have as large or larger financial losses in the Related Actions, but are unaware of any specifics. Movants, therefore, satisfy the threshold requirements of the PSLRA. 15 U.S.C. §78u-4(a)(3)(B).

### (c)  The Goldenbergs Otherwise Satisfy Rule 23

The Goldenbergs, too, otherwise satisfies Rule 23. According to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." This Court need not analyze the Rule 23 elements as closely at this stage of the proceeding as it will at the class certification stage. *See In re: ESPEED, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005) (citations omitted).

Rather, of Rule 23(a)'s four prerequisites of numerosity, commonality, typicality and adequacy, a prospective lead plaintiff need only demonstrate that its claims are typical of the class and that it will adequately represent the class. *Id.*; *see also In re Oxford Health Plans, Inc. Sec Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998). Consequently in deciding a motion to serve as lead plaintiff, the Court should focus its inquiries on the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the lead plaintiffs move for class certification. Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

The typicality requirement of Rule 23(a) is satisfied "where the claims arise from the same conduct from which the other class members' claims and injuries arise." *Espeed*, 232

7

F.R.D. at 102 (citing *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y 2002)).

      Movants seek to represent a Class of purchasers of the Company's common stock who have identical, non-competing and non-conflicting interests.  The Goldenbergs satisfy the typicality requirements, because they: (i) purchased Centerline securities during the Class Period, (ii) at a price artificially inflated by virtue of defendants' failure to disclose material information they were duty bound to disclose, and (iii) suffered damages thereby.  Other members of the Class have made and will make virtually identical claims..  Accordingly, because the claims asserted by the Goldenbergs arise "from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory" the typicality element of Rule 23(a) is satisfied *Id.* (citing *In re: Oxford*, 182 F.R.D. at 50).

### (d)    The Goldenbergs Will Fairly And Adequately Represent The Interests Of The Subclass

      Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class."  In the Lead Plaintiff context, a class member must show that it has no interests antagonistic to those of the class and that it has retained adequate counsel. *Espeed*, 232 F.R.D. at 103.  Here, Movants are adequate representatives of the Class.  As evidenced by the injury they suffered, acquiring the Company's common stock at prices allegedly artificially inflated by Defendants' violations of the federal securities laws, Movants' interests are clearly aligned with the members of the Class.  Further, no evidence exists of any antagonism between Movants' interests and those of the other members of the Class.  In addition, as shown below, Movants' proposed Co-Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner.

      Not only do the Goldenbergs satisfy the threshold requirement s of the PSLRA, therefore, but they are also otherwise qualified to serve as Lead Plaintiffs for the Class.  As such, this Court should appoint the Goldenbergs as Lead Plaintiff for the Class.

### C. THE COURT SHOULD APPROVE THE GOLDENBERGS' CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiffs' selection when necessary "to protect the interest of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

The Goldenbergs have selected and retained Faruqi & Faruqi, LLP and Marcus & Auerbach, LLC to serve Co-Lead Counsel. As detailed in the attached firm resumes, both Faruqi & Faruqi, LLP and Marcus & Auerbach have extensive experience in prosecuting complex class actions, including shareholder and securities class actions and have obtained excellent recoveries on behalf of defrauded investors. *See* Vozzolo Decl., Exs. C and D. Thus, the Court may be confident that the class will receive the highest caliber of legal representation.

Because there is nothing to suggest that the Goldenbergs or their counsel will not fairly and adequately represent the Class, or that the Goldenbergs are subject to unique defenses – which is the only evidence that can rebut the presumption of adequacy under the Act – this Court should appoint the Goldenbergs as Lead Plaintiffs and approve their selection of Faruqi & Faruqi, LLP and Marcus & Auerbach, LLC as Co-Lead Counsel.

### V. CONCLUSION

For all the foregoing reasons, Movants respectfully requests that the Court: (i) consolidated the Related Actions for all pretrial purposes; (ii) appoint Roslyn Goldenberg, Mitchell Goldenberg, Jane Goldenberg, Michael Goldenberg and Lisa Goldenberg as Lead Plaintiffs for the Related Actions; (iii) approve Movants' selection of Faruqi & Faruqi, LLP and Marcus & Auerbach, LLC as Lead Counsel for the Class.

Dated: March 18, 2008

Respectfully submitted,

FARUQI & FARUQI, LLP

 s/ Antonio Vozzolo
Antonio Vozzolo
369 Lexington Avenue, 10th Floor
New York, New York 10017
Telephone: (212) 983-9330
Facsimile: (212) 893-9331
Email: avozzolo@faruqilaw.com

and

Jacob A. Goldberg
2600 Philmont Avenue, Suite 324
Huntingdon Valley, PA  19006
Telephone: 215-914-2460
Facsimile: 215-914-2462
Email: jgoldberg@faruqilaw.com

MARCUS & AUERBACH, LLC
Jonathan Auerbach
Jerome M. Marcus
400 Greenwood Avenue, Suite 200
Wyncote, PA  19095-1825
Telephone: 215-885-2250
Facsimile: 888-875-0469
Email: auerbach@marcusauerbach.com

*Proposed Co-Lead Counsel*