**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARK GOLDSTEIN, Individually And On      :    08-CV-00505-SAS
Behalf of All Others Similarly Situated,     :
                                                                   :
                              Plaintiff,                     :
                                                                   :
            vs.                                                 :
                                                                   :
CENTERLINE HOLDING COMPANY, ET AL. :
                                                                   :
                              Defendants.                :
_____x
BRIAN QUILL, Individually and on behalf of all :    08-CV-01902-DAB
others similarly situated,                       :
                                                                   :
                              Plaintiff,                     :
                                                                   :
            vs.                                                 :
                                                                   :
CENTERLINE HOLIDNG CO., INC., ET AL.,   :
                                                                   :
                              Defendants.                :
_____x
JOHN CARFAGNO, derivatively on behalf of :    08-CV-00912-SAS
CENTERLINE HOLDING COMPANY,          :
                                                                   :
                              Plaintiff,                     :
                                                                   :
            vs.                                                 :
                                                                   :
MARC D. SCHNITZER, ET AL.,                 :
                                                                   :
                              Defendants.                :
                                                                   :
_____x
(Additional Captions Follow)

**DECLARATION OF ANTONIO VOZZOLO IN SUPPORT OF MOTION OF**
**ROSLYN GOLDENBERG, MITCHELL GOLDENBERG, JANE GOLDENBERG,**
**MICHAEL GOLDENBERG AND LISA GOLDENBERG TO CONSOLIDATE**
**ALL RELATED ACTIONS, TO BE APPOINTED LEAD PLAINTIFFS,**
**AND FOR APPROVAL OF THEIR SELECTION OF FARUQI & FARUQI, LLP**
**AND MARCUS & AUERBACH, LLC AS LEAD COUNSEL**

```
_____x
PETER FRANK, Individually and on behalf of    :      08-cv-01026-SAS
all others similarly situated,                :
                                              :
                       Plaintiff,             :
                                              :
       vs.                                    :
                                              :
CENTERLINE HOLILDNG CO., INC., ET AL.,        :
                                              :
                       Defendants.            :
                                              :
_____x
DEBORAH DECHTER, Individually and on          :      08-CV-01593-SAS
behalf of all others similarly situated,      :
                                              :
                       Plaintiff,             :
                                              :
       vs.                                    :
                                              :
CENTERLINE HOLILDNG COMPANY, ET               :
AL.,                                          :
                                              :
                       Defendants.            :
                                              :
_____x
LORI WEINRIB, Individually and on behalf of   :      08-CV-01158-SAS
all others similarly situated,                :
                                              :
                       Plaintiff,             :
                                              :
       vs.                                    :
                                              :
CENTERLINE HOLILDNG COMPANY, ET               :
AL.,                                          :
                                              :
                       Defendants.            :
                                              :
_____x
THOMAS LYONS, Individually and on behalf of:         08-CV-01458-SAS
all others similarly situated,                :
                                              :
                       Plaintiff,             :
                                              :
       vs.                                    :
                                              :
CENTERLINE HOLILDNG COMPANY, ET               :
AL.,                                          :
                                              :
                       Defendants.            :
                                              :
_____x
```

```
_____x
LOUIS KANTER and JAMIE STARK,            :    08-cv-01827-SAS
derivatively on behalf of Nominal Defendant :
Centerline Holding Company,               :
                                          :
                     Plaintiff,           :
                                          :
           vs.                            :
                                          :
STEPHEN M. ROSS, ET AL.,                  :
                                          :
                     Defendants.          :
                                          :
_____x
BROY, derivatively on behalf of nominal   :    08-CV-01971-SAS
defendant CENTERLINE HOLDING              :
COMPANY,                                  :
                                          :
                     Plaintiff,           :
                                          :
           vs.                            :
                                          :
JEFF T. BLAU, ET AL.,                     :
                                          :
                     Defendants.          :
                                          :
_____x
```

I, Antonio Vozzolo, declare the following in support of the Motion of Roslyn Goldenberg Mitchell Goldenberg, Jane Goldenberg, Michael Goldenberg and Lisa Goldenberg (together the "Goldenbergs") to Consolidate All Related Actions, to be Appointed Lead Plaintiffs, and for Approval of Their Selection of Faruqi & Faruqi, LLP and Marcus & Auerbach, LLC as Lead Counsel:

1.    I am a partner at the law firm of Faruqi & Faruqi, LLP, counsel to the Goldenbergs. I submit this Declaration in support of the Goldenbergs' Motion for consolidation, appointment as Lead Plaintiffs and approval of my firm and Marcus & Auerbach, LLC to serve the Class as Co-Lead Counsel.

2.      Attached hereto as Exhibit A is a true and correct copy of the notice to class members concerning the first-filed of the above-captioned actions that was published on January 18, 2008 on *PR Newswire*, advising the public of the pendency of a class action filed on behalf of purchasers of Centerline Holding Company securities during the period March 12, 2007 through and including December 28, 2007.

3.      Attached hereto as Exhibit B are true and correct copies of the signed certifications of class members Roslyn Goldenberg, Mitchell Goldenberg, Jane Goldenberg and Michael and Lisa Goldenberg pursuant to the requirements Section 21D of the Securities Exchange Act of 1934.  See 15 U.S.C. § 78u-4(a)(2)(A).

4.      Attached hereto as Exhibit C is a true and correct copy of the firm biography for Faruqi & Faruqi, LLP.

5.      Attached hereto as Exhibit D is a true and correct copy of the firm biography for Marcus & Auerbach, LLC.

6.      Attached hereto as Exhibit E is a true and correct copy of the Goldenberg Loss Chart, detailing the Goldenbergs' Class Period purchases and the losses sustained as a result of those purchases.

I hereby declare under penalty of perjury that the foregoing is true and correct.

 s/ Antonio Vozzolo
Antonio Vozzolo

# EXHIBIT A





**EFH** Flexible. Secure.

Make Your Stocks Do More For You

With a Simple, Flexible, Nonpurpose Stock Loan From **Equities First**.

Call 866.323.7773 or Click Today

Enter Symbol/Keywords: *Global Symbol Lookup* ▶ CHC

BASIC CHART   ADVANCED CHART   INTERACTIVE CHART

Home | Quotes | News | Industries | Markets | Historical Quotes | BigReports | BigAdvanced Tools | Premium Products

Article for Centerline Holdings Co (NYSE:CHC)                5:01 PM

most recent headlines

**E*TRADE** Get 100 commission-free trades   E*TRADE Securities

## Berger & Montague, P.C. Files Class Action Lawsuit Against Centerline Holding Company and Certain of its Officers and Directors

FRIDAY, JANUARY 18, 2008 5:01 PM
- PR Newswire

PHILADELPHIA, Jan 18, 2008 /PRNewswire via COMTEX/ -- The law firm of Berger & Montague, P.C. announces it has filed a class action lawsuit, Goldstein v. Centerline Holding Company, et al., No. is 08-cv-00505 (SAS), in the U.S. District Court for the Southern District of New York on behalf of all purchasers of the common stock of Centerline Holding Company ("Centerline" or the "Company") (CHC) between March 12, 2007 and December 28, 2007, inclusive (the "Class Period"). The suit alleges that Centerline, its Chief Executive Officer Marc D. Schnitzer, Chief Financial Officer Robert L. Levy, Chairman Stephen M. Ross, and Managing Trustee Jeff T. Blau ("Defendants"), violated the Securities Exchange Act of 1934.



Or hold onto what you've got.

TALK TO CHUCK

charles

The Complaint alleges that Defendants issued a series of materially false and misleading statements about Centerline's business model and financial condition, including statements concerning its portfolio of tax-exempt first mortgage bonds, which generated the majority of the Company's revenues and supported the Company's $1.68 per share annual dividend. Defendants' statements concealed from the investing public that Defendants were in the midst of structuring a sale of the Company's mortgage revenue bond portfolio to a third party. On December 28, 2007, Centerline shocked the financial markets with a press release announcing that the Company had sold its "$2.8 billion tax-exempt affordable housing bond portfolio" to a third party and, in the process, transformed the Company's business model to a pure asset management firm. As a result of this transaction, the Company disclosed that it would be slashing its annual dividend from $1.68 per share to only $0.60 per share. Even more shocking was the revelation that Defendants had entered into a related party transaction with a



*Search News*

Enter Symbol:

[GO]

Enter Keyword:

[GO]

CHC 1-Minute

4.0
3.9
3.8
3.7
11  1  3

CHC
3.87  ↑ +0.12

company owned by certain of the Defendants called The Related Companies, L.P. ("TRCLP"), whereby TRCLP agreed to provide Centerline $131 million in financing, in exchange for 12.2 million shares of newly-issued convertible preferred stock that will pay Company insiders an 11% dividend. In reaction to this news, the price of Centerline stock plummeted from $10.27 per share on December 27, 2007, to close at $7.70 per share on December 28, 2007, representing a 25% single-day decline, on unusually heavy trading volume of 4,152,688 shares.

If you purchased Centerline common stock between March 12, 2007 and December 28, 2007 and sustained losses, you may, no later than March 18, 2008, request that the Court appoint you as lead plaintiff. A lead plaintiff is a representative party acting on behalf of other class members in directing the litigation. If you wish to discuss this action or your rights as an investor in Centerline during the Class Period, please contact Berger & Montague toll free at 1-888-891-2289 or at investorprotect@bm.net for a more thorough explanation of the lead plaintiff selection process and the litigation. A copy of the complaint is available from the Court, or can be viewed on Berger & Montague, P.C.'s website at http://www.bergermontague.com.

The law firm of Berger & Montague, P.C. consists of over 60 attorneys, all of whom represent plaintiffs in complex litigation. The Berger firm has extensive experience representing institutions and other investor plaintiffs in class action securities litigation and has played lead roles in major cases over the past 30 years that have resulted in recoveries of billions of dollars to investors. The firm has represented investors as lead counsel in such leading securities actions as Rite Aid, Sotheby's, CIGNA, Waste Management, Sunbeam, Boston Chicken and IKON Office Solutions. The standing of Berger & Montague, P.C. in successfully conducting major securities litigation has been recognized by numerous courts. For example:

```
"In short, it would be hard to equal the skill class counsel
    demonstrated here."  In Re Rite Aid Corporation Securities
    Litigation, MDL Docket No. 1360, Master File No. 99-1349 (E.D. Pa.)
    ($334 million settlement).
```

"Class Counsel did a remarkable job in representing the class interests."  In re IKON Office Solutions Securities Litigation, Civil Action No. 98-4286 (E.D. Pa.) (partial settlement for $111 million).

"[Y]ou have acted the way lawyers at their best ought to act. And I have had a lot of cases ....  In 15 years now as a judge and I cannot recall a significant case where I felt people were better represented than they are here ....  I would say this has been the best representation that I have seen."  In re Waste Management, Inc. Securities Litigation, Civil Action No. 97-C7709 (N.D. Ill.) ($220 million settlement).

"The Court is aware of and attests to the skill and efficiency of class counsel: they have been diligent in every respect, and their briefs and arguments before the Court were of the highest quality. The firm of Berger & Montague took the lead in the Court proceedings; its attorneys were well prepared, articulate and persuasive."  In re CIGNA Corp. Securities Litigation, Master File No. 2:02-CV-8088 (E.D. Pa.) ($93 million settlement).

"... [W]e have had some marvelous counsel appear before us and make superb arguments, but they really don't come any better than Mrs. Savett ...."  In re U.S. Bioscience Securities Litigation, Civil Action No. 92-0678 (E.D. Pa.) ($15.25 million settlement).

If you purchased Centerline common stock during the Class Period, or have any questions concerning this notice or your rights with respect to this matter, please contact:

Sherrie R. Savett, Esq.

Barbara A. Podell, Esq.

Eric Lechtzin, Esq.

Kimberly A. Walker, Investor Relations Manager

Berger & Montague, P.C.

1622 Locust Street

Philadelphia, PA 19103

Telephone: 1-888-891-2289 or 215-875-3000

SOURCE Berger & Montague, P.C.

http://www.bergermontague.com

Copyright (C) 2008 PR Newswire. All rights reserved

most recent headlines






Take our free online seminars. Charles Schwab

OptionsHouse: Flat Rate Prices, Any Size.

Trade with E*TRADE Securities

Unlock stock, fund and newsletter performance secrets



# EXHIBIT B

## PLAINTIFF CERTIFICATION
## PURSUANT TO 15 U.S.C. § 78u-4[1]

1.    I, Mitchell Goldenberg, hereby certify that I have reviewed a draft complaint against Centerline Holdings Company ("Centerline") and others. On my behalf and on behalf of a class of persons similarly situated, I authorize the filing of a complaint substantially similar to the draft complaint I reviewed.

2.    For the purpose of prosecuting this action, I select Marcus & Auerbach, LLC and any firm with which it affiliates as my counsel for purposes of prosecuting my claim against Centerline and others.

3.    I did not purchase any security or securities that is or are the subject of this action at the direction of my counsel or to participate in any private action arising under the federal securities laws.

4.    Should the Court appoint me, I am willing to serve as a class representative on behalf of the class, including guiding my attorneys in the prosecution of this action, overseeing the litigation, including any discussions of settlement, providing answers to discovery requests at the direction of my counsel, and providing deposition testimony and testimony at trial, if necessary.

---

[1]The Private Securities Litigation Reform Act of 1995, codified at 15 U.S.C. §77u-4(a)(2)(A), requires, in relevant part, the following:

Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that--
(i) states that the plaintiff has reviewed the complaint and authorized its filing;
(ii) states that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this *title [15 USCS § § 78a et seq.]*;
(iii) states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;
(iv) sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint;
(v) identifies any other action under this *title [15 USCS § § 78a et seq.]*, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve, or served, as a representative party on behalf of a class; and
(vi) states that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4).

5.    To the best of my knowledge, the following represents all of my transactions in securities of

Centerline (if the space provided is inadequate, complete transaction history on another sheet):

| SECURITY PURCHASED/SOLD | | DATE OF TRANSACTION | NUMBER OF UNITS PURCHASED/SOLD | PRICE PAID/RECEIVED PER UNIT |
|---|---|---|---|---|
| *Purchase* | Centerline Holdings (CHC) | 1/10/07 | 500 | 20.673 |
| | | 5/10/07 | 1000 | 17.66 |
| | | 7/24/07 | 1000 | 13.26 |
| *Sale* | | 12/28/07 | 2,500 | 9.94 |

6.    During the three years prior to the date of this certification, I have not sought to serve as

representative of any class for a case brought under the Federal Securities Laws, except as specified

below.

| CASE CAPTION | COURT | DATE FILED | CURRENTLY PENDING? (Y/N) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

7.    I understand that I am only entitled to my *pro rata* share of any recovery for the class, except as

approved by the Court.  I shall not seek nor will I accept any payment beyond that approved by the Court

in return for my service as class representative.

8.    I declare, under penalty of perjury under the laws of the United States of America, that the

foregoing information is correct to the best of my knowledge.

Signed this 15th day of February , 2008, at Elkins Park, PA .
                                                        (City)        (State)

_____
(Signature)  Mitchell Golduby
_____
(Print Name)

2

## PLAINTIFF CERTIFICATION
## PURSUANT TO 15 U.S.C. § 78u-4[1]

1.    I, _Jane Goldenberg_ , hereby certify that I have reviewed a draft complaint against Centerline Holdings Company ("Centerline") and others. On my behalf and on behalf of a class of persons similarly situated, I authorize the filing of a complaint substantially similar to the draft complaint I reviewed.

2.    For the purpose of prosecuting this action, I select Marcus & Auerbach, LLC and any firm with which it affiliates as my counsel for purposes of prosecuting my claim against Centerline and others.

3.    I did not purchase any security or securities that is or are the subject of this action at the direction of my counsel or to participate in any private action arising under the federal securities laws.

4.    Should the Court appoint me, I am willing to serve as a class representative on behalf of the class, including guiding my attorneys in the prosecution of this action, overseeing the litigation, including any discussions of settlement, providing answers to discovery requests at the direction of my counsel, and providing deposition testimony and testimony at trial, if necessary.

---

[1]The Private Securities Litigation Reform Act of 1995, codified at 15 U.S.C. §77u-4(a)(2)(A), requires, in relevant part, the following:

Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that--
    (i) states that the plaintiff has reviewed the complaint and authorized its filing;
    (ii) states that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this *title [15 USCS § § 78a et seq.*];
    (iii) states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;
    (iv) sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint;
    (v) identifies any other action under this *title [15 USCS § § 78a et seq.*], filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve, or served, as a representative party on behalf of a class; and
    (vi) states that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4).

5.    To the best of my knowledge, the following represents all of my transactions in securities of

Centerline (if the space provided is inadequate, complete transaction history on another sheet):

| SECURITY PURCHASED/SOLD | DATE OF TRANSACTION | NUMBER OF UNITS PURCHASED/SOLD | PRICE PAID/RECEIVED PER UNIT |
|---|---|---|---|
| Purchase Centerline Holdings (CHC) 500 | 7/27/07 | 500 | 20.37 13.09 |
| 500 | 10/10/07 | 500 | 12.48 19.90 |
| 500 | 5/14/07 | 500 1500 | 17.87 |
| Sale Centerline Holdings | 12/20/07 | 1,500 | 9.94 |

6.    During the three years prior to the date of this certification, I have not sought to serve as

representative of any class for a case brought under the Federal Securities Laws, except as specified

below.

| CASE CAPTION | COURT | DATE FILED | CURRENTLY PENDING? (Y/N) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

7.    I understand that I am only entitled to my *pro rata* share of any recovery for the class, except as

approved by the Court.  I shall not seek nor will I accept any payment beyond that approved by the Court

in return for my service as class representative.

8.    I declare, under penalty of perjury under the laws of the United States of America, that the

foregoing information is correct to the best of my knowledge.

Signed this 15th day of February , 2008, at Elkins Park PA .
                                          (City)        (State)

_Jane Goldenberg_
(Signature)
JANE GOLDENBERG
(Print Name)

2

## PLAINTIFF CERTIFICATION
## PURSUANT TO 15 U.S.C. § 78u-4[1]

1.    I, _Michael Goldaber_, hereby certify that I have reviewed a draft complaint against

Centerline Holdings Company ("Centerline") and others.  On my behalf and on behalf of a class of

persons similarly situated, I authorize the filing of a complaint substantially similar to the draft complaint

I reviewed.

2.    For the purpose of prosecuting this action, I select Marcus & Auerbach, LLC and any firm with

which it affiliates as my counsel for purposes of prosecuting my claim against Centerline and others.

3.    I did not purchase any security or securities that is or are the subject of this action at the direction

of my counsel or to participate in any private action arising under the federal securities laws.

4.    Should the Court appoint me, I am willing to serve as a class representative on behalf of

the class, including guiding my attorneys in the prosecution of this action, overseeing the

litigation, including any discussions of settlement, providing answers to discovery requests at the

direction of my counsel, and providing deposition testimony and testimony at trial, if necessary.

---

[1]The Private Securities Litigation Reform Act of 1995, codified at 15 U.S.C. §77u-4(a)(2)(A), requires, in
relevant part, the following:

> Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn
> certification, which shall be personally signed by such plaintiff and filed with the complaint, that--
>       (i) states that the plaintiff has reviewed the complaint and authorized its filing;
>       (ii) states that the plaintiff did not purchase the security that is the subject of the
> complaint at the direction of plaintiff's counsel or in order to participate in any private action
> arising under this *title [15 USCS § § 78a et seq.]*;
>       (iii) states that the plaintiff is willing to serve as a representative party on behalf
> of a class, including providing testimony at deposition and trial, if necessary;
>       (iv) sets forth all of the transactions of the plaintiff in the security that is the
> subject of the complaint during the class period specified in the complaint;
>       (v) identifies any other action under this *title [15 USCS § § 78a et seq.]*, filed
> during the 3-year period preceding the date on which the certification is signed by the plaintiff, in
> which the plaintiff has sought to serve, or served, as a representative party on behalf of a class; and
>       (vi) states that the plaintiff will not accept any payment for serving as a
> representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery,
> except as ordered or approved by the court in accordance with paragraph (4).

1

5.    To the best of my knowledge, the following represents all of my transactions in securities of

Centerline (if the space provided is inadequate, complete transaction history on another sheet):

| SECURITY PURCHASED/SOLD | DATE OF TRANSACTION | NUMBER OF UNITS PURCHASED/SOLD | PRICE PAID/RECEIVED PER UNIT |
|---|---|---|---|
| | 6/30/06 6/4/06 | | |
| | 3/27/07 | | |
| (see attached) | | | |
| | | | |

6.    During the three years prior to the date of this certification, I have not sought to serve as

representative of any class for a case brought under the Federal Securities Laws, except as specified

below.

| CASE CAPTION | COURT | DATE FILED | CURRENTLY PENDING? (Y/N) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

7.    I understand that I am only entitled to my *pro rata* share of any recovery for the class, except as

approved by the Court.  I shall not seek nor will I accept any payment beyond that approved by the Court

in return for my service as class representative.

8.    I declare, under penalty of perjury under the laws of the United States of America, that the

foregoing information is correct to the best of my knowledge.

Signed this 18th day of February , 2008, at Ambler , Pa .
                                                      (City)        (State)

_____
(Signature)

Michael Goldaberg
(Print Name)

2

| Security Type | Symbol & Description Quantity | Date Acquired | Cost Basis | Date Closed | Proceeds | Gain/Loss | Gain/ |
|---|---|---|---|---|---|---|---|

**Expand All Collapse All** From 01/01/2007 To 12/31/2007 **Choose Duration** 🔍 **Search**  **Display Unrealized Gains & Loss**

🖨 Print

**EQUITIES**

Click to expand/contract

| Security Type | Symbol & Description | Quantity | Date Acquired | Cost Basis | Date Closed | Proceeds | Gain/Loss | Gain/ |
|---|---|---|---|---|---|---|---|---|
| | AMGN | AMGEN INC | | | | | | |
| | | 500 | 08/14/07 | $ 29,305.03 | 08/16/07 | $ 24,624.62 | ($ 4,680.41) | -15.9 |
| | | 300 | 12/10/07 | $ 15,747.03 | 12/24/07 | $ 15,747.03 | $ 0.00 | |
| | | 300 | 12/10/07 | $ 15,747.03 | 12/24/07 | $ 14,171.78 | ($ 1,575.25) | -1 |
| | | 1100 | | $ 60,799.09 | | $ 54,543.43 | ($ 6,255.66) | -10.2 |
| | BAC | BANK OF AMERICA CORP | | | | | | |
| | | 100 | 10/26/03 | $ 3,717.33 | 08/20/07 | $ 5,130.92 | $ 1,413.59 | 38.0 |
| | | 500 | 10/26/03 | $ 18,586.67 | 12/24/07 | $ 18,586.67 | $ 0.00 | |
| | | 400 | 01/10/05 | $ 17,992.00 | 08/20/07 | $ 20,408.68 | $ 2,416.68 | 13.4 |
| | | 1000 | | $ 40,296.00 | | $ 44,126.27 | $ 3,830.27 | 9.5 |
| | C | CITIGROUP INC | | | | | | |
| | | 200 | 02/08/02 | $ 8,475.85 | 08/14/07 | $ 9,256.14 | $ 780.29 | 9.2 |
| | | 500 | 09/10/02 | $ 19,188.66 | 08/14/07 | $ 23,140.36 | $ 3,951.70 | 20.5 |
| | | 700 | 01/20/06 | $ 32,455.00 | 08/01/07 | $ 32,459.50 | $ 4.50 | 0.0 |
| | | 1400 | | $ 60,119.51 | | $ 64,856.00 | $ 4,736.49 | 7.8 |
| | CBH | COMMERCE BANCORP INC N J | | | | | | |
| | | 600 | 06/26/03 | $ 11,304.00 | 11/07/07 | $ 23,927.63 | $ 12,623.63 | 111.6 |
| | | 200 | 06/26/03 | $ 3,768.00 | 12/20/07 | $ 7,557.90 | $ 3,789.90 | 100.5 |
| | | 400 | 02/17/05 | $ 11,767.70 | 07/09/07 | $ 15,034.72 | $ 3,267.02 | 27.7 |
| | | 1200 | | $ 26,839.70 | | $ 46,520.25 | $ 19,680.55 | 73.3 |
| | CHC | CENTERLINE HLDG COMPANY | | | | | | |
| | | 600 | 11/01/07 | $ 7,814.00 | 12/24/07 | $ 7,814.00 | $ 0.00 | |
| | | 300 | 11/01/07 | $ 3,907.50 | 12/24/07 | $ 3,907.50 | $ 0.00 | |
| | | 100 | 11/01/07 | $ 1,304.50 | 12/24/07 | $ 1,304.50 | $ 0.00 | |
| | | 600 | 11/01/07 | $ 7,814.00 | 12/28/07 | $ 4,937.17 | ($ 2,876.83) | -36.8 |
| | | 300 | 11/01/07 | $ 3,907.50 | 12/28/07 | $ 2,468.58 | ($ 1,438.92) | -36.8 |
| | | 100 | 11/01/07 | $ 1,304.50 | 12/28/07 | $ 822.86 | ($ 481.64) | -36.9 |
| | | 200 | 11/07/07 | $ 2,478.00 | 12/24/07 | $ 2,478.00 | $ 0.00 | |
| | | 200 | 11/07/07 | $ 2,475.00 | 12/24/07 | $ 2,475.00 | $ 0.00 | |
| | | 200 | 11/07/07 | $ 2,477.00 | 12/24/07 | $ 2,477.00 | $ 0.00 | |
| | | 400 | 11/07/07 | $ 4,958.00 | 12/24/07 | $ 4,958.00 | $ 0.00 | |
| | | 200 | 11/07/07 | $ 2,478.00 | 12/28/07 | $ 1,645.72 | ($ 832.28) | -33.5 |
| | | 200 | 11/07/07 | $ 2,475.00 | 12/28/07 | $ 1,645.72 | ($ 829.28) | -33.5 |
| | | 200 | 11/07/07 | $ 2,477.00 | 12/28/07 | $ 1,645.72 | ($ 831.28) | -33.5 |
| | | 400 | 11/07/07 | $ 4,958.00 | 12/28/07 | $ 3,291.44 | ($ 1,666.56) | -33.6 |
| | | 2000 | 12/05/07 | $ 21,690.00 | 12/24/07 | $ 21,690.00 | $ 0.00 | |
| | | 900 | 12/05/07 | $ 9,760.50 | 12/28/07 | $ 7,405.79 | ($ 2,354.71) | -24.1 |
| | | 800 | 12/05/07 | $ 8,676.00 | 12/28/07 | $ 6,590.88 | ($ 2,085.12) | -24.0 |
| | | 200 | 12/05/07 | $ 2,169.00 | 12/28/07 | $ 1,651.72 | ($ 517.28) | -23.8 |
| | | 100 | 12/05/07 | $ 1,084.50 | 12/28/07 | $ 819.85 | ($ 264.65) | -24. |
| | | 8000 | | $ 94,208.00 | | $ 80,029.45 | ($ 14,178.55) | -15.0 |
| | CMCSA | COMCAST CORP CLASS A NEW | | | | | | |
| | | 500 | 08/31/99 | $ 10,082.98 | 11/01/07 | $ 10,159.84 | $ 76.86 | 0.7 |
| | | 250 | 08/31/99 | $ 5,041.49 | 12/20/07 | $ 4,474.93 | ($ 566.56) | -11.2 |
| | | 750 | 06/24/02 | $ 12,540.00 | 12/20/07 | $ 13,424.79 | $ 884.79 | 7.0 |
| | | 1500 | | $ 27,664.47 | | $ 28,059.56 | $ 395.09 | 1.4 |
| | DNA | GENENTECH INC NEW | | | | | | |
| | | 500 | 12/21/07 | $ 35,439.32 | 12/26/07 | $ 35,439.32 | $ 0.00 | |
| | | 500 | | $ 35,439.32 | | $ 35,439.32 | $ 0.00 | |
| | ERES | ERESEARCH TECHNOLOGY INC | | | | | | |
| | | 200 | 11/09/06 | $ 1,790.69 | 02/22/07 | $ 1,360.05 | ($ 430.64) | -24.0 |
| | | 200 | | $ 1,790.69 | | $ 1,360.05 | ($ 430.64) | -24.0 |
| | HD | HOME DEPOT INC | | | | | | |
| | | 400 | 08/09/06 | $ 14,632.01 | 01/03/07 | $ 16,619.48 | $ 1,987.47 | 13.5 |
| | | 400 | | $ 14,632.01 | | $ 16,619.48 | $ 1,987.47 | 13.5 |
| | HUM | HUMANA INC | | | | | | |

*[Handwritten annotation in left margin:]* Joint Account of Lisa + Michael Goldenberg  1/1/07 -12/31/07

| Security Type | Symbol & Description Quantity | Date Acquired | Cost Basis | Date Closed | Proceeds | Gain/Loss | Gair |
|---|---|---|---|---|---|---|---|

🖶 Print

**Expand All  Collapse All   From** 01/01/2007 **To** 12/31/2007 | Choose Duration ▼ | 🔍 Search   **Display Unrealized Gains & Los**

**EQUITIES**
  Click to expand/contract

| | AMGN | | AMGEN INC | | | | |
|---|---|---|---|---|---|---|---|
| | 400 | 01/26/07 | $ 28,556.00 | 02/27/07 | $ 26,027.19 | ($ 2,528.81) | -8. |
| | 100 | 01/26/07 | $ 7,139.00 | 02/27/07 | $ 6,502.79 | ($ 636.21) | -8. |
| | 200 | 08/14/07 | $ 11,792.01 | 08/16/07 | $ 9,795.84 | ($ 1,996.17) | -16. |
| | 300 | 08/20/07 | $ 17,643.02 | 12/24/07 | $ 14,171.78 | ($ 3,471.24) | -19. |
| | 300 | 12/10/07 | $ 15,747.03 | 12/24/07 | $ 15,747.03 | $ 0.00 | |
| | 1300 | | $ 80,877.06 | | $ 72,244.63 | ($ 8,632.43) | -10. |
| | BAC | | BANK OF AMERICA CORP | | | | |
| | 450 | 10/26/03 | $ 16,728.01 | 12/24/07 | $ 16,728.01 | $ 0.00 | |
| | 50 | 10/26/03 | $ 1,858.66 | 12/24/07 | $ 1,858.66 | $ 0.00 | |
| | 600 | 07/27/05 | $ 26,486.00 | 08/20/07 | $ 30,785.52 | $ 4,299.52 | 16. |
| | 1100 | | $ 45,072.67 | | $ 49,372.19 | $ 4,299.52 | 9. |
| | BIIB | | BIOGEN IDEC INC | | | | |
| | 500 | 03/29/05 | $ 18,975.00 | 10/26/07 | $ 38,554.40 | $ 19,579.40 | 103. |
| | 500 | 06/03/05 | $ 18,360.00 | 10/26/07 | $ 38,554.41 | $ 20,194.41 | 109. |
| | 1000 | | $ 37,335.00 | | $ 77,108.81 | $ 39,773.81 | 106. |
| | C | | CITIGROUP INC | | | | |
| | 1000 | 11/20/07 | $ 43,520.07 | 11/23/07 | $ 31,399.51 | ($ 12,120.56) | -27. |
| | 1000 | | $ 43,520.07 | | $ 31,399.51 | ($ 12,120.56) | -27. |
| | CHC | | CENTERLINE HLDG COMPANY | | | | |
| | 1500 | 06/12/06 | $ 26,480.00 | 12/28/07 | $ 12,351.62 | ($ 14,128.38) | -53. |
| | 1000 | 06/14/06 | $ 17,030.00 | 12/28/07 | $ 8,234.41 | ($ 8,795.59) | -51. |
| | 1000 | 02/27/07 | $ 19,910.00 | 12/28/07 | $ 8,234.41 | ($ 11,675.59) | -58. |
| | 100 | 10/26/07 | $ 1,394.25 | 12/28/07 | $ 823.46 | ($ 570.79) | -40. |
| | 1000 | 10/26/07 | $ 13,902.50 | 12/28/07 | $ 8,244.41 | ($ 5,658.09) | -4( |
| | 900 | 10/26/07 | $ 12,512.25 | 12/28/07 | $ 7,423.96 | ($ 5,088.29) | -40. |
| | 600 | 11/01/07 | $ 7,814.00 | 12/24/07 | $ 7,814.00 | $ 0.00 | |
| | 300 | 11/01/07 | $ 3,907.50 | 12/24/07 | $ 3,907.50 | $ 0.00 | |
| | 100 | 11/01/07 | $ 1,304.50 | 12/24/07 | $ 1,304.50 | $ 0.00 | |
| | 200 | 11/07/07 | $ 2,478.00 | 12/24/07 | $ 2,478.00 | $ 0.00 | |
| | 200 | 11/07/07 | $ 2,475.00 | 12/24/07 | $ 2,475.00 | $ 0.00 | |
| | 200 | 11/07/07 | $ 2,477.00 | 12/24/07 | $ 2,477.00 | $ 0.00 | |
| | 400 | 11/07/07 | $ 4,958.00 | 12/24/07 | $ 4,958.00 | $ 0.00 | |
| | 2000 | 12/05/07 | $ 21,690.00 | 12/24/07 | $ 21,690.00 | $ 0.00 | |
| | 9500 | | $ 138,333.00 | | $ 92,416.27 | ($ 45,916.73) | -33. |
| | CMCSA | | COMCAST CORP CLASS A NEW | | | | |
| | 1050 | 02/12/07 | $ 28,388.00 | 03/28/07 | $ 27,051.59 | ($ 1,336.41) | -4. |
| | 500 | 09/20/07 | $ 11,955.00 | 11/01/07 | $ 10,149.84 | ($ 1,805.16) | -15 |
| | 500 | 09/20/07 | $ 11,955.00 | 12/20/07 | $ 8,924.86 | ($ 3,030.14) | -25. |
| | 2050 | | $ 52,298.00 | | $ 46,126.29 | ($ 6,171.71) | -1 |
| | CRZ | | CRYSTAL RIVER CAPITAL | | | | |
| | 1000 | 12/12/07 | $ 15,640.00 | 12/21/07 | $ 16,409.74 | $ 769.74 | 4. |
| | 1000 | | $ 15,640.00 | | $ 16,409.74 | $ 769.74 | 4. |
| | DNA | | GENENTECH INC NEW | | | | |
| | 1000 | 12/24/07 | $ 0.00 | 12/24/07 | $ 0.00 | $ 0.00 | 1 |
| | 1000 | | $ 0.00 | | $ 0.00 | $ 0.00 | 1 |
| | HUM | | HUMANA INC | | | | |
| | 700 | 12/15/06 | $ 39,686.00 | 12/24/07 | $ 39,686.00 | $ 0.00 | |
| | 700 | | $ 39,686.00 | | $ 39,686.00 | $ 0.00 | |
| | JNJ | | JOHNSON & JOHNSON | | | | |
| | 500 | 03/28/07 | $ 30,244.50 | 04/18/07 | $ 32,110.50 | $ 1,866.00 | 6. |
| | 500 | | $ 30,244.50 | | $ 32,110.50 | $ 1,866.00 | 6. |
| | JPM | | JPMORGAN CHASE & COMPANY | | | | |
| | 500 | 09/17/02 | $ 11,180.00 | 08/14/07 | $ 21,714.66 | $ 10,534.66 | 94. |
| | 500 | 04/21/04 | $ 19,180.00 | 08/01/07 | $ 21,759.66 | $ 2,579.66 | 13. |
| | 1000 | | $ 30,360.00 | | $ 43,474.32 | $ 13,114.32 | 43 |

*(handwritten notes in left margin: 1/1/07 -12/31/07 2007 ; Account of Michael Goldenberg)*

## PLAINTIFF CERTIFICATION
## PURSUANT TO 15 U.S.C. § 78u-4[1]

1.    I, _Roslyn Goldenberg_ , hereby certify that I have reviewed a draft complaint against

Centerline Holdings Company ("Centerline") and others.  On my behalf and on behalf of a class of

persons similarly situated, I authorize the filing of a complaint substantially similar to the draft complaint

I reviewed.

2.    For the purpose of prosecuting this action, I select Marcus & Auerbach, LLC and any firm with

which it affiliates as my counsel for purposes of prosecuting my claim against Centerline and others.

3.    I did not purchase any security or securities that is or are the subject of this action at the direction

of my counsel or to participate in any private action arising under the federal securities laws.

4.    Should the Court appoint me, I am willing to serve as a class representative on behalf of

the class, including guiding my attorneys in the prosecution of this action, overseeing the

litigation, including any discussions of settlement, providing answers to discovery requests at the

direction of my counsel, and providing deposition testimony and testimony at trial, if necessary.

---

[1]The Private Securities Litigation Reform Act of 1995, codified at 15 U.S.C. §77u-4(a)(2)(A), requires, in relevant part, the following:

> Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that--
>     (i) states that the plaintiff has reviewed the complaint and authorized its filing;
>     (ii) states that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this *title [15 USCS § § 78a et seq.*];
>     (iii) states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;
>     (iv) sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint;
>     (v) identifies any other action under this *title [15 USCS § § 78a et seq.*], filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve, or served, as a representative party on behalf of a class; and
>     (vi) states that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4).

1

5.      To the best of my knowledge, the following represents all of my transactions in securities of

Centerline (if the space provided is inadequate, complete transaction history on another sheet):

Purchase:
Sold:

| SECURITY PURCHASED/SOLD | DATE OF TRANSACTION | NUMBER OF UNITS PURCHASED/SOLD | PRICE PAID/RECEIVED PER UNIT |
|---|---|---|---|
| - Centerline Holdings (CHC) | 10/11/06 5/3/07 | 800 600 | 19.87 18.40 |
| - | 1/16/07 | 1400 476 | 21.00 |
| CHC | 12/26/07 | 1400 | 8.15 |
| | | | |

6.      During the three years prior to the date of this certification, I have not sought to serve as

representative of any class for a case brought under the Federal Securities Laws, except as specified

below.

| CASE CAPTION | COURT | DATE FILED | CURRENTLY PENDING? (Y/N) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

7.      I understand that I am only entitled to my *pro rata* share of any recovery for the class, except as

approved by the Court.  I shall not seek nor will I accept any payment beyond that approved by the Court

in return for my service as class representative.

8.      I declare, under penalty of perjury under the laws of the United States of America, that the

foregoing information is correct to the best of my knowledge.

Signed this 15th day of February , 2008, at Plymouth Meeting     PA     .
(City)          (State)

Roslyn Goldenberg
(Signature) Roslyn Goldenberg

(Print Name)

2

# EXHIBIT C



# FARUQI & FARUQI, LLP

## *FIRM RESUME*

*<u>Faruqi & Faruqi, LLP</u>* concentrates in corporate, consumer and securities litigation. The firm maintains its main office in New York, New York, with offices in California, Florida and Pennsylvania.

Faruqi & Faruqi, LLP has an impressive track record with an experienced group of lawyers, and has been appointed sole lead or co-lead counsel in numerous class and derivative actions. For example, Faruqi & Faruqi, LLP was sole lead counsel in *Brickell Partners v. Emerging Comm'ns, Inc.*, C. A. No. 16415 (Del. Ch. 1998). The case was litigated for over four years through trial, at which a verdict was returned in favor of plaintiff and the class in June, 2004. The *Brickell Partners* case established new law and new standards for determining the fiduciary duties of corporate directors especially directors that have specialized backgrounds (such as, accountants, lawyers, financial experts, etc.).

## *SIGNIFICANT ACHIEVEMENTS*

Faruqi & Faruqi, LLP has obtained significant recoveries for class members as either sole lead counsel or co-lead counsel in the following representative actions:

- *In re Olsten Corp. Secs. Litig.*, C.A. No. 97-CV-5056 (E.D.N.Y.) (recovered $25 million dollars for class members);

- *Dennis v. Pronet, Inc.*, C.A. No. 96-06509 (Tex. Dist. Ct.) (recovered over $15 million dollars on behalf of shareholders);

- *In re Howmet Int'l S'holder Litig.*, Consolidated C.A. No. 17575 (Del. Ch. 1999) (successfully obtained an increased benefit to class members of $61.5 million dollars);

- *In re Sodexho Marriott S'holders Litig.*, Consolidated C.A. No. 18640 (Del. Ch. 1999) (obtained an increased benefit to class members of $165 million dollars);

- *In re Azurix Corp.*, Consolidated C.A. No. 18463 (Del. Ch. 1999) (obtained an increased benefit to class members of $54 million dollars);

- *In re Fox Entm't Group, Inc., S'holders Litig.*, C.A. No. 1033-N (Del. Ch 2005) (increased merger consideration for public shareholders in "going private" by $450 million dollars);

- *In re Hartford Life, Inc. S'holders Litig.*, Consolidated C.A. No. 17951-NC (Del. Ch. 2000) (obtained an increased benefit to class members of $169 million dollars);

- *Zeid v. Open Env't Corp.*, C.A. No. 96 CV 12466-EFH (D. Mass. 1996) ($9 million dollars recovered on behalf of securities class);

- *In re Avatex Corp. S'holders Litig.*, C.A. No. 16334-NC (Del. Ch. 1999) (established certain new standards for preferred shareholders rights);

- *In re PurchasePro, Inc., Secs. Litig.*, Master File No. CV-S-01-0483 (D. Nev. 2001) ($24.2 million dollars recovery on behalf of the class in securities fraud action);

- *In re Think New Ideas, Inc. Secs. Litig.*, Master File No. 98 Civ. 6809 (S.D.N.Y. 1998) (significant monetary recovery on behalf of the class);

- *In re Mitcham Indus, Inc. Secs. Litig.*, Master File No. H-98-1244 (S.D. Tex. 1998) (recovered $3 million dollars on behalf of class members despite the fact that corporate defendant was on the verge of declaring bankruptcy);

- *Ruskin v. TIG Holdings, Inc.*, C.A. No. 98 Civ. 1068 (S.D.N.Y. 1998) (recovered $3 million dollars on behalf of class members);

- *In re Pennaco Energy, Inc. S'holders Litig.*, Consolidated C.A. No. 18606 NC (Del. Ch. 2001) (significant additional disclosures obtained during hard-fought merger litigation);

- *Delre v. Hewlett-Packard Co.*, C.A. No. 3232-02 (N.J. Sup. Ct. 2002) (successfully recovered on behalf of a class of consumers 100% of the loss incurred by class members);

- *Altman v. IQ Software Corp.*, C.A. No. 97-CV-3203 (N.D. Ga. 1997) ($550,000 settlement in a securities fraud litigation);

- *In re TD Waterhouse Group Inc. S'holders Litig.*, Consolidated C.A. No. 19166 NC (Del. Ch. 2001) (obtained an increased price and governance changes);

- *In re AMC Entm't Inc. S'holder Litig.*, Consol. C.A. No. 19880-NC (Del. Ch. 2002) (significant disclosures achieved in merger litigation);

- *In re McAfee.com Corp. S'holders Litig.*, Consolidated C.A. No. 19481 NC (Del. Ch. 2002) (increased price obtained in merger litigation);

- *In re Travelocity.com S'holders Litig.*, Consolidated C.A. No. 19419 NC (Del. Ch. 2002) (significant recovery on behalf of class);

2

- *In re Coorstek, Inc. S'holders Litig.*, Consolidated C.A. No. 20014-NC (Del. Ch. 2002) (significant recovery on behalf of class); and

- *In re Tenet Healthcare Corp. Derivative Litig.*, Lead Case No. 01098905 (Cal. Sup. Ct. 2002) (achieved a $51.5 million benefit to the corporation in derivative litigation).

## *PENDING MERGER AND DERIVATIVE CASES*

Faruqi & Faruqi, LLP represents clients in the currently pending actions and has been appointed as sole lead or co-lead counsel in many of these merger and derivative actions, including:

- *In re Michaels Stores, Inc. Class and Deriv. Litig.*, No. 03-02641 (Tex. Dist. Ct. 125th Jud. Dist);

- *Rauch v. Mays*, No. 2006-CI-17436 (Tex. Dist. Ct. 225 Jud. Dist.);

- *Gerber v. Freescale Semiconductor, Inc.*, No. D-GN-06-003501 (Tex. Dist. Ct. 98th Jud. Dist.);

- *Golombuski v. EGL, Inc.*, No. 2007-00139 (Tex. Dist. 125th Jud. Dist.);

- *In re Station Casino's S'holder Litig.*, No. A-535395 (Nev. Dist. Ct);

- *Lang v. Reader's Digest Ass'n, Inc.*, No. 06-22856 (N.Y. Sup. Ct.);

- *In re Equity Office Props. Trust Transactional Litig.*, No. 24-C-06-010525 (Md. Cir. Ct.);

- *In re Harrah's S'holder Litig.*, No. 2:06-CV-1356 (Nev. Dist. Ct.);

- *Eisenstein v. Harrah's Entm't*, No. A-531963 (Nev. Dist. Ct.);

- *Chait v. Sabre Holdings Corp.*, No. 067-221619-06 (Tex. Dist. Ct. 67th Jud. Dist.);

- *McMullen v. United Surgical Partners Int'l, Inc.*, No. 07-00156 (Tex. Dist. Ct. 134th Jud. Dist.);

- *In re Direct General Inc., Deriv. Litig.*, No. 3:05-0158 (D. Md.);

- *In re Enron Derivative Litig.*, No. 0110-10742 (Or. Cir. Ct.);

- *Simon et al. v. Bechererl*, ("*JP Morgan Derivative* Litigation"), No. 2002-600480 (N.Y. Sup. Ct.);

- *In re Citizens For Consumers v. Abbott Labs., Inc.*, No. 01-CV-12257 (D. Mass.); and

- *In re Advanced Mktg. Servs., Inc. Derivative Litig.*, No. CIC824845 (Cal. Super. Ct.).

3

### *PENDING COMSUMER AND ANTITRUST CASES*

Faruqi & Faruqi, LLP has been appointed as sole lead or co-lead counsel in the following consumer/antitrust class actions that are currently pending:

- *In re Wireless Tel. 911 Calls Litig.,* No. 03-CV-2597 (N.D. Ill.) (alleging industry noncompliance with FCC);

- *In re Wireless Tel. Srvs. Antitrust Litig.*, No. 02 Civ. 2637 (S.D.N.Y.);

- *Wanzo v. Nextel Commc'ns, Inc.*, No. GIC 791626 (Cal. Sup. Ct.) (alleging unfair and deceptive trade practices); and

- *Potter v. Sharper Image Corp.*, No. CGC-03426350 (Cal Sup Ct.) (alleging unfair and deceptive trade practices).

### *THE ATTORNEYS*

These exceptional results obtained in litigation, as well as the cases currently being prosecuted were handled by the experienced lawyers at the firm, as set forth below:

***Nadeem Faruqi*** is Co-Founder and Managing Partner of the Firm.

Mr. Faruqi oversees all aspects of the firm's practice areas.  Mr. Faruqi has acted as sole lead or co-lead counsel in many notable class or derivative action cases, such as: *In re Olsten Corp. Secs. Litig.*, C.A. No. 97-CV-5056 (E.D.N.Y.) (recovered $25 million dollars for class members); *In re PurchasePro, Inc., Secs. Litig.*, Master File No. CV-S-01-0483 (D. Nev. 2001) ($24.2 million dollars recovery on behalf of the class in securities fraud action); *In re Avatex Corp. S'holders Litig.*, C.A. No. 16334-NC (Del. Ch. 1999) (established certain new standards for preferred shareholders rights); *Dennis v. Pronet, Inc.*, C.A. No. 96-06509 (Tex. Dist. Ct.) (recovered over $15 million dollars on behalf of shareholders); *In re Tellium, Inc. Secs. Litig.*, C.A. No. 02-CV-5878 (D.N.J.) (class action settlement of $5.5 million); *In re Tenet Healthcare Corp. Derivative Litig.*, Lead Case No. 01098905 (Cal. Sup. Ct. 2002) (achieved a $51.5 million benefit to the corporation in derivative litigation).

4

Upon graduation from law school, Mr. Faruqi was associated with a large corporate legal department in New York. In 1988, he became associated with Kaufman Malchman Kirby & Squire, specializing in shareholder litigation, and in 1992, became a member of that firm. While at Kaufman Malchman Kirby & Squire, Mr. Faruqi served as one of the trial counsel for plaintiff in *Gerber v. Computer Assocs. Int'l, Inc.*, 91-CV-3610 (E.D.N.Y. 1991). Mr. Faruqi actively participated in cases such as: *Colaprico v. Sun Microsystems*, No. C-90-20710 (N.D. Cal. 1993) (recovery in excess of $5 million on behalf of the shareholder class); *In re Jackpot Secs. Enters., Inc. Secs. Litig.*, CV-S-89-805 (D. Nev. 1993) (recovery in excess of $3 million on behalf of the shareholder class); *In re Int'l Tech. Corp. Secs. Litig.*, CV 88-440 (C.D. Cal. 1993) (recovery in excess of $13 million on behalf of the shareholder class); and *In re Triangle Inds., Inc. S'holders Litig.*, C.A. No. 10466 (Del. Ch. 1990) (recovery in excess of $70 million).

Mr. Faruqi earned his Bachelor of Science Degree from McGill University (1981), his Master of Business from York University (1984) and his law degree from New York Law School (1987) where he graduated *cum laude*. Mr. Faruqi was Executive Editor of New York Law School's Journal of International and Comparative Law. He is the author of "Letters of Credit: Doubts As To Their Continued Usefulness," Journal of International and Comparative Law, 1988. He was awarded the Professor Ernst C. Stiefel Award for Excellence in Comparative, Common and Civil Law by New York Law School in 1987.

***Lubna M. Faruqi*** is Co-Founder of Faruqi & Faruqi, LLP.

Ms. Faruqi is involved in all aspects of the firm's practice. Ms. Faruqi has actively participated in numerous cases in federal and state courts which have resulted in significant recoveries for shareholders.

Ms. Faruqi was involved in litigating the successful recovery of $25 million to class members in *In re Olsten Corp. Secs. Litig.*, C.A. No. 97-CV-5056 (E.D.N.Y.). She helped to

5

establish certain new standards for preferred shareholders in Delaware in *In re Avatex Corp. S'holders Litig.*, C.A. No. 16334-NC (Del. Ch. 1999). Ms. Faruqi was also lead attorney in *In re Mitcham Indus., Inc. Secs. Litig.*, Master File No. H-98-1244 (S.D. Tex. 1998), where she successfully recovered $3 million on behalf of class members despite the fact that the corporate defendant was on the verge of declaring bankruptcy.

Upon graduation from law school, Ms. Faruqi worked with the Department of Consumer and Corporate Affairs, Bureau of Anti-Trust, the Federal Government of Canada. In 1987, Ms. Faruqi became associated with Kaufman Malchman Kirby & Squire, specializing in shareholder litigation, where she actively participated in cases such as: *In re Triangle Inds., Inc. S'holders Litig.*, C.A. No. 10466 (Del. Ch. 1990) (recovery in excess of $70 million); *Kantor v. Zondervan Corp.*, C.A. No. 88 C5425 (W.D. Mich. 1989) (recovery of $3.75 million on behalf of shareholders); and *In re A.L. Williams Corp. S'holders Litig.*, C.A. No. 10881 (Del. Ch. 1990) (recovery in excess of $11 million on behalf of shareholders).

Ms. Faruqi graduated from McGill University Law School at the age of twenty-one with two law degrees: Bachelor of Civil Law (B.C.L.) (1980) and a Bachelor of Common Law (L.L.B.) (1981).

***Emily C. Komlossy***, a partner in Faruqi & Faruqi, LLP's Hollywood, Florida office, has devoted her entire legal career to the practice of complex class action securities fraud and shareholder litigation. With a wealth of experience in this field, Ms. Komlossy has also provided portfolio monitoring services to institutional and hedge fund clients to enable them to identify and determine an appropriate course of action when potential misconduct affects the client's portfolio holdings.

Ms. Komlossy has represented clients in a number of high profile actions. Recently, she successfully represented the Genesee County Employees' Retirement System in a class action

securities fraud case against Transaction System Architects which claims included very complex accounting principles.  This action ultimately resulted in a $24.5 million settlement on behalf of the class.

In addition, a substantial portion of Ms. Komlossy's litigation has been in the shareholder merger litigation area.  She has litigated cases for her shareholder clients against companies such as Daniel Industries, Inc., Pennaco Corp. and AMC Entertainment, Inc.

Ms. Komlossy's skills have been noted favorably by the courts.  In *Yud v. Saf T Lok*, 98 CV 8507 (S.D. Fla.), a case in which she played a major role, Magistrate Judge Linnea R. Johnson noted "the attorneys have done an outstanding amount of work in a short period of time to bring this class action to resolution in a successful fashion."

Ms. Komlossy earned a B.A. from the State University of New York at Oneonta in 1983 and a J.D. from New York Law School in 1989.  She is admitted to practice in New York and Florida and the United States District Courts for the Southern District of New York, Southern District of Florida and Western District of Michigan.

**_Shane T. Rowley_** became a member of Faruqi & Faruqi, LLP in July 2000.

During his tenure at Faruqi & Faruqi, LLP Mr. Rowley has amassed extensive experience in complex litigation.  For example, in *Brickell Partners v. Emerging Comm'ns, Inc.*, C. A. No. 16415 (Del. Ch. 1998), Mr. Rowley, as sole class counsel, was instrumental in establishing new law and new standards for determining the fiduciary duties of corporate directors, especially directors that have specialized backgrounds (such as, accountants, lawyers, financial experts, etc.).  The *Brickell Partners* action was litigated vigorously by Mr. Rowley for over four years, including a six week trial, after which the Court returned a verdict in favor of plaintiff.  The landmark decision is now reported as *In re Emerging Commc'ns, Inc. S'holders Litig.*, No. 16415, 2006 Del. Ch. LEXIS 25 (Del. Ch. Jan. 9, 2006).

7

Mr. Rowley has recovered hundreds of millions of dollars for shareholders of publicly traded companies. Recently, Mr. Rowley was successful, as co-lead counsel, in *Rice v. Lafarge North America*, No. 268974 (Md. Cir. Ct.), representing the public shareholders of Lafarge North America ("LNA") in challenging the buyout of LNA by its French parent, Lafarge S.A., at the original offer price of $75 per share. Following discovery and extensive injunction motion practice by Mr. Rowley and his co-counsel, the price per share was increased from $75 to $85.50 per share, representing a total benefit to the public shareholders of $388 million.

Also, in *In re Fox Entm't Group, Inc. S'holders Litig.*, No. 1033-N (Del. Ch. 2005), Mr. Rowley, as co-lead counsel, was responsible for creating an increased offer price from the original proposal to shareholders, which represented an increased benefit to Fox Entertainment Group, Inc. shareholders of $450 million.

Mr. Rowley graduated from Trinity College, Dublin, Ireland in 1987 with a Bachelor of Common Law (LL.B.) degree and from the Honorable Society of Kings Inns, Dublin in 1989 with a Barrister at Law (B.L.) degree. Mr. Rowley is a citizen of the United States of America and Ireland and is admitted to practice in both countries. From 1991 to June 2000 Mr. Rowley was associated with the law firm of Wolf Haldenstein Adler Freeman & Herz LLP, where he concentrated in securities class actions and shareholder derivative litigation.

***Jacob A. Goldberg*** became a member of Faruqi & Faruqi, LLP in 2006 and has concentrated his legal career in all facets of complex commercial litigation in the federal and state courts.

Prior to joining the firm as a partner, Mr. Goldberg was a partner at Berger & Montague, P.C. and Schiffrin & Barroway, LLP. In 2004, he formed his own firm where he focused on commercial disputes, including theft of trade secrets, theft of business plan and breaches of

8

contract while continuing to litigate cases involving violations of fiduciary duties, consumer protection laws, and the federal securities laws.

Among Mr. Goldberg's most notable cases are *In Re New America High Income Fund Secs. Litig.* (D. Mass 1990) (alleged false and misleading prospectus for junk bond fund; $2.5 million settlement); *Rosenthal v. Dean Witter Reynolds, Inc.*, (Colo. Dist. Ct. 18th Jud. Dist. 1991); *In re IKON Office Solutions Secs. Litig.*, No. 98-04286 (E.D. P.A. 1998) (alleged complex accounting fraud involving manipulation of reserves; $111 million settlement); *In re Creditrust Corp. Secs. Litig.* (D. Md. 2000) (alleged complex accounting fraud, relating to predicting financial results for securitized debt and adequately assessing gains on sales); *In re Scholastic, Inc. Secs. Litig.* (S.D. N.Y 1997) (alleged false financial projections and inadequate reserves; $7 million settlement); *Cohen v. Mirage Resorts, Inc.*, 119 Nev. Adv. Op. No. 1 (Feb. 7, 2003) (Nevada Supreme Court reversed dismissal of shareholder action related to fair value of shares in a freeze out merger); *In re QuadraMed, Inc. Secs. Litig.*, No. 02-04770 (N.D. Cal. 2002) (alleged manipulation of revenue and new management and auditor cover-up; $5.25 million settlement); and *Studer v. Heng Fung Holdings* (D. Colo. 2002) (derivative lawsuit, alleging the stripping of company assets to a related entity; approximately $1.75 million settlement).

Mr. Goldberg graduated from Columbia University (B.A. 1988) and Temple University School of Law (J.D., *cum laude*, 1992) and practices from the Philadelphia area. He is admitted before all courts in the Commonwealth of Pennsylvania and to the United States Supreme Court, the United States Courts of Appeal for the Third and Fourth Circuits, and the United States District Courts for the Eastern District of Pennsylvania, Central District of Illinois, and District of Colorado. His admission to the Bar of the State of New York is pending. Mr. Goldberg is a dual citizen of the United States of America and the Republic of Ireland.

9

*__Kendall S. Zylstra__* joined Faruqi & Faruqi, LLP as a partner at the beginning of 2008, after many years litigating complex commercial and civil litigation in the complex class action arena.

Mr. Zylstra has spent the last several years focusing on antitrust class actions challenging practices such as unfair trade practices, national price-fixing claims, monopolies, and the delayed-generic entry pharmaceutical cases.

Prior to joining the Firm, Mr. Zylstra represented victims of human radiation experiments from the Cold War Era. He was significantly responsible for litigating two mass actions, which settled for nearly $5 million and played a significant role in winning a reversal of summary judgment in *Bibeau, et al. v. Pacific Northwest Research Foundation, et al.,* 188 F. 3d 1005 (9th Circ. 1999).

For over five years, Mr. Zylstra was the Head of the Antitrust Department at a notable plaintiff's class action litigation firm, and developed a portfolio of antitrust cases, including gasoline dealer-franchises suing large oil companies for unfair trade practices; representing medical device wholesalers and distributors asserting antitrust claims against monopolists; and representing two internet companies in a litigation asserting vertical price fixing claims against a giant retailer and its co-conspirator manufacturers.

Mr. Zylstra graduated from Calvin College in 1987 with a Bachelor of Arts and from Temple University School of Law (J.D. 1991) where he received the *Temple Law Alumni/ae Award* for Moot Court Excellence. Mr. Zylstra was an Assistant District Attorney in Philadelphia, PA between 1991-1996, where he gained extensive trial experience in the prosecution of hundreds of cases primarily involving cases of sexual assault.

*__Vahn Alexander__* joined the firm as a partner in October, 2007. Mr. Alexander's practice focuses on shareholder litigation and securities class actions in federal and state court. Mr.

Alexander also litigates consumer fraud cases concerning unfair business practices and false and misleading advertising under California law. After graduating law school, Mr. Alexander joined the California office of a New York law firm which concentrated on securities class action litigation. After gaining extensive experience with that firm for over 10 years, Mr. Alexander left to start his own firm in 2004. Mr. Alexander is a member of the State Bar of California and is admitted to practice in the United States District Courts for the Central, Northern, Southern and Eastern Districts of California, as well as the Ninth Circuit Court of Appeals. He is also a member of Consumer Attorneys of California and the American Association for Justice (formerly the Association of Trial Lawyers of America), as well as the American Bar Association and the Los Angeles County Bar Association.

Prior to joining the firm, Mr. Alexander has acted as sole lead or co-lead counsel in numerous cases which include the following: *In re Apria Healthcare Group Sec. Litig.*, Master File No. 797060 (Orange County Super. Ct.) ($42 million settlement obtained for the class); *In re PurchasePro.com, Inc. Sec. Litig.*, Case No. CV-S-01-0483 (D. Nev.) ($24.2 million settlement obtained for the class); *In re Lantronix, Inc. Sec. Litig.*, Case No. CV-02-3899 (C.D. Cal.) ($15.175 million settlement obtained for the class); *In re California Microwave Sec. Litig.*, Master File No. C-95-4009-CW (N.D. Cal.) ($14 million settlement obtained for the class); *In re Cybermedia Sec. Litig.*, Master File No. 98-1811 CBM (Ex) (C.D. Cal.)($10.6 million settlement obtained for the class); *In re Mesa Airlines Sec. Litig.*, Case No. 94-690 JC/WWD (D.N.M.) ($8 million settlement obtained for the class); *In re Brightpoint Sec. Litig.*, Case No. IP 011796 C-T/K (S.D. Ind.) ($5.25 million settlement obtained for the class); *In re Resource America Sec. Litig.*, Master File No. 98-CV-5446 (E.D. Pa.) ($5.425 million settlement obtained for the class); and *In re Sumitomo Bank of California Sec. Litig.*, Master File No. 994002 (S.F. County Super. Ct.) ($4.95 million settlement obtained for the class).

11

Mr. Alexander graduated from the University of California at Los Angeles (B.A. 1990), with honors, and received his law degree from Loyola Law School, Los Angeles (J.D. 1993), where he was a member of the Scott Moot Court Honor's Board (1993 - Jessup Team).

*Antonio Vozzolo* joined Faruqi & Faruqi, LLP in 1999 and became a partner of the firm in January, 2004.

Mr. Vozzolo's practice focuses on representing individuals and institutional investors in complex matters involving federal and state securities laws, and fiduciary duties of corporate officers and directors (or corporate governance matters).

Most recently, Mr. Vozzolo was one of the primary counsel responsible for prosecuting *In re PurchasePro, Inc., Secs. Litig.*, Master File No. CV-S-01-0483 (D. Nev. 2001), a case against the officers and directors of PurchasePro.com as well as AOL Time Warner, Inc., America On-Line, Inc., and Time Warner, Inc., which obtained an excellent result for the class, culminating in a $24.2 million settlement.

Mr. Vozzolo graduated, *cum laude*, from Fairleigh Dickinson University in 1992 with a Bachelor of Science (B.Sc.), where he was on the Dean's List, and with a Masters in Business Administration (M.B.A.) in 1995. He is a graduate of Brooklyn Law School (1998). Mr. Vozzolo served as an intern to the Honorable Ira Gammerman of the New York Supreme Court and the New York Stock Exchange while attending law school.

*Andras Vamos-Goldman* joined Faruqi & Faruqi, LLP in February 2003 as the firm's Institutional Counsel.

Mr. Vamos-Goldman has moved with ease between the private and public sectors, gaining considerable experience in many aspects of international law, mergers and acquisitions, as well as hands on experience in working with governments and large institutions. He was a diplomat in the Canadian Foreign Service and served in East Africa (1986-88) and Washington

12

D.C. (1992-96), where as Chief of Staff to the Ambassador he participated in the management of the one billion dollar per day trade relationship between Canada and USA. Mr. Vamos-Goldman also served as the Head of the Political Section of the Canadian Mission to the United Nations (1997-1999), the last time Canada was a member of the United Nations Security Council. From 1996-1997 Mr. Vamos-Goldman was associated with the law firm of Stikeman Elliot in their Central European office in Budapest and worked in connection with the privatization of Central European Industry. From 2000-2002 Mr. Vamos-Goldman was Canada's legal advisor to the United Nations (2000-2002) where he, *inter alia*, worked to create the International Criminal Court as a member of its Bureau, and was the Chairman of the Management Committee for the Sierra Leone Special Court (a sui generus international entity with a $60 million budget).

Mr. Vamos-Goldman graduated from Dalhousie University (B.A. 1979; L.L.B. 1982) and Georgetown University (L.L.M. *cum laude*, 1995). Mr. Vamos-Goldman is a member of the Bar of Ontario, Canada, as well as the New York State Bar.

***Adam Gonnelli*** became associated with Faruqi & Faruqi, LLP, and in January, 2004, became a partner of the firm.

Since joining Faruqi & Faruqi, Mr. Gonnelli has concentrated his practice on transaction litigation and consumer class actions. Representative cases include: *In re NutraQuest, Inc.*, No. 06-202 (D.N.J.) (consumer fraud case against national diet supplement company); *Wanzo v. Nextel Commc'ns, Inc.*, No. GIC 791626 (Cal. Sup. Ct.) (consumer case challenging change in "nights and weekends" plan); *Garcia v. Lowe's, Cos., Inc.*, No. 841120 (Cal. Super. Ct.) (case to recover overtime pay for delivery drivers); *Rice v. Lafarge North America*, No. 268974 (Md. Cir. Ct.) (merger case resulted in a benefit of $388 million); and *In re Fox Entm't Group, Inc. S'holders Litig.*, No. 1033-N (Del. Ch. 2005) (benefit to shareholders of $450 million).

13

Mr. Gonnelli has extensive litigation experience. Prior to joining the firm, he actively participated in such cases as: *Kurzweil v. Philip Morris Cos.*, Nos. 94 CIV 2373, 94 CIV 2546 (S.D.N.Y.) (Section 10(b) action concerning tobacco addictiveness and trade loading practices, resulting in $116 million settlement.); *McNamara v. Bre-X Minerals, Ltd.*, No. 597 CV 159 (E.D. Tex.) ("Gold fraud of the century." – *Time Magazine*); *Sanders v. Computer Assocs.*, No. 16640-NC (Del. Ch. Ct.) (derivative case resulting in judgment for plaintiff requiring executives to return 9.5 million shares to company); *Romig v. Jefferson-Pilot Life Ins. Co.*, No. 95 Civ. 9703 (N.C. Sup. Ct.) (consumer class action on behalf of purchasers of vanishing premium insurance policies); and *Koppell v. New York State Board of Elections*, No. 98 CIV 4920 (S.D.N.Y.) (constitutional action on behalf of former New York State Attorney General challenging state statute governing order of candidates' names on primary ballot).

Mr. Gonnelli received a B.A. from Rutgers University (Newark) in 1989 and a J.D. from Cornell Law School in 1997. At Rutgers University, Mr. Gonnelli lettered in football and fencing and served as Student Government President. Prior to attending law school, Mr. Gonnelli was a Financial Writer at the Federal Reserve Bank of New York, where he wrote educational materials on international trade, monetary policy, and other topics. While attending Cornell Law School, Mr. Gonnelli served as Editor-in-Chief of the Cornell Journal of Law and Public Policy and was a member of the Atlantic Regional Championship moot court team in the Jessup International Law Moot Court Competition (1997).

***David H. Leventhal*** joined Faruqi & Faruqi, LLP in 2003, and in 2006 became a partner in the firm.

At Faruqi & Faruqi, LLP, Mr. Leventhal concentrates in securities, consumer, and antitrust class actions as well as derivative actions. Mr. Leventhal recently has actively and successfully reached settlements requiring companies to make significant and meaningful

14

disclosures to shareholders in connection with going private transactions in actions such as *In re Direct General Corp. Derivative Litig.*, No. 05-0158 (M.D. Tenn.); *In re Vans Derivative Litig.*, No. BC309805 (Cal. Super. Ct.); *Gerber v. Freescale Semiconductor, Inc.*, No. D-GN-06-003501 (Tex. Dist. Ct. 98th Jud. Dist.); *Schuman v. CDW Corp.*, No. 07CH1416 (Ill. Cir. Ct.). Also recently, Mr. Leventhal was responsible for settlements in *Schachter v. Toback*, No. 04 CH 09131 (Ill. Cir. Ct.) (derivative action alleging breach of fiduciary duties by certain officers and directors of the company, settled for modifications to composition of company's management and significant corporate governance reforms); *McCoon v. Wiederhorn*, No. 0407-6900 (Or. Cir. Ct.) (same); *Collet v. Moore*, No. 04CC07844 (Cal. Super. Ct.) (same); and *In re Nutraquest, Inc.*, No. 06-202 (D.N.J.) (alleged misrepresentations made in connection with sale of dietary supplement, settled for $15 million). He is currently actively involved in litigating *In re Digital Music Antitrust Litig.*, MDL No. 1780 (S.D.N.Y.) (case pending against major record companies alleging antitrust violations in connection with the sale of digital music).

Before joining Faruqi & Faruqi, LLP Mr. Leventhal actively participated in such cases as: *In Re Real Estate Assocs. Limited P'ship Litig.*, No. CV-98-7035 (C.D. Cal.) (federal securities class action resulting in $184 million jury verdict); *In re Visa Check/MasterMoney Antitrust Litig.*, No. 96-CV-5238 (E.D.N.Y.) (antitrust class action on behalf of 5 million merchants against Visa and MasterCard resulting in settlement worth in excess of $3 billion); *Romig v. Jefferson-Pilot Life Ins. Co.*, 95 Civ. 9703 (N.C. Sup. Ct.) (consumer class action on behalf of purchasers of vanishing premium insurance policies resulting in $55.3 million settlement); *Kurzweil v. Philip Morris Cos.*, Nos. 94 CIV 2373, 94 CIV 2546 (S.D.N.Y.) (federal securities class action concerning tobacco addictiveness and trade loading practices, resulting in $116 million settlement).

15

Mr. Leventhal graduated from University of Michigan, Ann Arbor (A.B. 1990 with distinction) and from Fordham University School of Law (J.D. 1993). At Fordham, Mr. Leventhal was a member of the Fordham University International Law Journal and was on the Dean's List.

***Beth A. Keller*** joined Faruqi & Faruqi, LLP as an associate in October 2003, after spending several years litigating commercial and civil litigation at a prior firm.

Since joining Faruqi & Faruqi, LLP, Ms. Keller has been actively involved in numerous complex cases in which the firm, as sole or co-lead counsel, achieved substantial corporate governance enhancements and/or financial recoveries for the corporation and its shareholders, including: *In re Tenet Healthcare Corp. Derivative Litig.*, Lead Case No. 01098905 (Cal. Sup. Ct. 2002); *In re Advanced Mktg. Srvs., Inc. Derivative Litig.*, No. CIC824845 (Cal. Super. Ct.); *In re Ligand Pharm. Inc. Deriative. Litig.*, Lead Case No. GIC834255 (Cal. Super. Ct.); and *In re Novastar Fin., Inc. Derivative Litig.*, Lead Case No. 04-CV-212685 (Cir. Ct. Mo. 2004).

Ms. Keller graduated from Hobart & William Smith Colleges in 1999 with a Bachelor of Arts (double major in Political Science and English) and from the State University of New York at Buffalo Law School (J.D. 2002). Ms. Keller participated in the Desmond Moot Court Competition while at law school. She is a member of both the New York and New Jersey Bars and is admitted to practice in the United States District Courts for the Southern, Eastern and Western Districts of New York.

***Stephen E. Connolly*** joined Faruqi & Faruqi, LLP as an associate of the firm in the beginning of 2008.

Mr. Connolly has focused his career as an attorney in the areas of complex commercial litigation, including class action securities fraud and antitrust litigation.

Mr. Connolly received his law degree for the Villanova University School of Law (J.D. 2000) and received a Bachelor of Science from Penn State University (1997).

***Christopher Marlborough*** joined Faruqi & Faruqi, LLP as an associate in January, 2007.

Since joining Faruqi & Faruqi, Mr. Marlborough has actively participated in such cases as: *Brocade Commc'ns Sys., Inc. Derivative Litig.*, No. C05-02233 (N.D. C.A.) (action for damages to company as a result of backdating employee stock options) and *Thomas v. Global Vision Prods., Inc.*, No. RG03-091195 (Cal. Sup. Ct.) (consumer class action for the false and misleading advertising of the Avacor hair care system).

Before joining Faruqi & Faruqi, LLP, Mr. Marlborough was associated with the firm of McCoyd, Parkas and Ronan, LLP, where he concentrated in the areas of estate litigation and trusts.

Mr. Marlborough earned a Bachelor of Arts from the State University of New York at Purchase (*magna cum laude*, 1991) and a J.D. from Brooklyn Law School (*magna cum laude*, 2003). As an undergraduate, Mr. Marlborough was a President's Merit Scholar and on the Dean's List. In law school, he was a member of the Brooklyn Law School Journal of Law and Policy and the Jerome Prince Memorial Evidence Competition, Moot Court Writing Team. He was also an Edward V. Sparer Public Interest Fellow and a Judge Moses M. Weinstein Scholar. He authored "Evolution, Child Abuse and the Constitution" which was published in the spring 2003 edition of the Brooklyn Law School Journal of Law and Policy. Mr. Marlborough is admitted to practice in the courts of New York, New Jersey and Florida, as well as the United States District Courts for the Eastern and Southern Districts of New York and the Southern District of Florida.

***Jamie Mogil*** joined Faruqi & Faruqi, LLP as an associate in February 2006, and has been involved in litigation encompassing each of the firm's practice areas.

17

Ms. Mogil was a member of the team that successfully prosecuted the following recent cases representing investors in merger and acquisition litigation: *Rice v. Lafarge North America*, No. 268974 (Md. Cir. Ct.) (increased price merger consideration for shareholders by 15%); *In re Aeroflex, Inc. S'holders Litig.*, No.07-003943 (N.Y. Sup. Ct.) (achieved substantial additional disclosures for investors); *In re First Data Corp. S'holder Litig.*, No. 2007 CV621 (Colo. Dist. Ct.) (achieved substantial additional disclosures for investors), and *McMullen v. United Surgical Partners Int'l*, No. 07-00156 (Tex. Dist. Ct.) (same).

Ms. Mogil is also a member of the legal team prosecuting, among other cases: *In re SFBC Int'l, Inc. Secs. & Derivative Litig.*, No. 06-165 (D.N.J.) (derivative action alleging gross mismanagement and breaches of fiduciary duties in connection with the egregious misconduct by the company and certain of its former or current officers and directors); *Sokol Holdings, Inc. v. BMB Munai*, No. 05 CV2749 (S.D.N.Y.) (action for tortious interference with a contract, specific performance, conversion, unjust enrichment, breach of contract, breach of fiduciary duty and damages arising from the alleged theft of plaintiffs' conceived business plan to purchase and explore oil fields in Kazakhstan); *J and R Mktg., SEP v. General Motors Corp.*, No. 07-1411(6th Cir.) (securities fraud claim brought on behalf of the class pursuant to Sections 11,12(a)(2) and 15 of the Securities Act of 1933 in connection with GMAC's alleged materially false and misleading offering materials issued between July 28, 2003 and November 9, 2005), *Halpern v. Alliance Data Sys. Corp.*, No. 07-04689 (Tex. Dist. Ct., 68th Jud. Dist.) (merger litigation class action on behalf of shareholders challenging the acquisition of the outstanding stock of Alliance Data Systems Corp. by The Blackstone Group), and *Schuman v. CDW Corp.*, No.07CH1416 (Ill. Cir. Ct., 19th Jud. Cir.) (merger litigation class action on behalf of shareholders challenging the proposed buyout of CDW Corp. by Madison Dearborn Partners, LLC).

18

Before attending law school, Ms. Mogil worked for the non-profit organization, Institute for Policy Studies in Washington, D.C. While in law school, Ms. Mogil was the recipient of the Public Interest Fellowship and on the Executive Board of the New York Law School Moot Court Association. Ms. Mogil competed in three national competitions, winning Second Best Brief and placing as a National Finalist and Semi-Finalist. Ms. Mogil was also the Chair of the Robert F. Wagner National Labor & Employment Law Moot Court Competition. Also while in law school Ms. Mogil worked for the Office of the New State Attorney General in the Investment Protection Bureau, specifically investigating and prosecuting the mutual fund "market-timing" and "late-trading" cases.

Ms. Mogil graduated from The George Washington University in 2000 (B.A., Fine Arts and Art History, *cum laude*) and from New York Law School (J.D., 2005). She is licensed to practice law in New York and admitted to the United States District Courts for the Southern District of New York and the Eastern District of New York as well as the United States Court of Appeals for the Sixth Circuit.

***Richard Schwartz*** joined Faruqi & Faruqi, LLP as an associate in May 2006. Mr. Schwartz has been involved extensively in the firm's merger, derivative and antitrust practice areas. Mr. Schwartz has been a member of the teams prosecuting *In re Michaels Stores, Inc. Class and Derivative Litig.*, *In re Equity Office Properties Trust Transactional Litig.*, *In re Direct General Inc. Derivative Litig.* and *In re Station Casino's S'holder Litig.* Currently, Mr. Schwartz is a member of the team prosecuting *In re Florida East Coast Indus., Inc. S'holder Litig.*, *In re McAfee Derivative Litig.* and *In re Digital Music Antitrust Litig.*

Mr. Schwartz graduated from the University of Washington (B.A.) and the University of Chicago (J.D.). Mr. Schwartz served as a law clerk at the MacArthur Justice Center in Chicago, a summer associate with the Chicago law firm Robinson Curley & Clayton P.C. and an associate

19

with the New York law firm Jaffe & Asher, LLP.   Mr. Schwartz is admitted to practice before the courts of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

# EXHIBIT D

# Marcus & Auerbach LLC

## About the Firm

Marcus & Auerbach LLC is a Plaintiff's practice specializing in complex commercial litigation. Experienced litigators, Marcus & Auerbach represents a wide variety of corporate clients ranging from small internet companies to Fortune 500 companies to reimburse them for revenues lost due to unfair business practices.

Marcus & Auerbach has been appointed lead class counsel in a federal action to recover losses from equity-indexed annuities fraudulently sold to the elderly.

## Attorney Profiles

### Jerome M. Marcus

Jerome M. Marcus attended the University of Chicago, from which he received his B.A. in 1980, his M.B.A. in 1981 and his J.D. in 1986. He was Associate Editor of the *University of Chicago Law Review*, and Executive Editor of the *Legal Forum of the University of Chicago*. He then served as Law Clerk for the Hon. Edward R. Becker, U.S. Court of Appeals for the Third Circuit in 1986-1987. He was Special Assistant to the Legal Advisor, U.S. Department of State in 1987-1988; Assistant U.S. Attorney in the Eastern District of Pennsylvania in 1991-1993. He served as a Consultant to the National Commission on Judicial Discipline and Removal, 1992-1993. For the past thirteen years, he has practiced primarily in the area of antitrust, health care and employee benefits, and appellate litigation. He has served as lead counsel in numerous complex litigations, including both class and non-class matters, on behalf of plaintiffs and defendants.

### Jonathan Auerbach

Mr. Auerbach graduated from the University of Pennsylvania (B.A. 1983) and Temple University School of Law (J.D. 1991), where he was a William R. Spofford Scholar. Since 1991, Mr. Auerbach has concentrated much of his practice on matters involving complex scientific and medical issues. His primary practice areas have included environmental, mass tort, antitrust, ERISA, civil rights and consumer fraud litigation. He has served as lead counsel in numerous complex litigations, including both class and non-class matters, on behalf of plaintiffs and defendants.

Mr. Auerbach has served as class counsel in the *Pennsylvania Diet Drug Litigation* and the *New Jersey Diet Drug Litigation*, where he also served on the plaintiffs' medical monitoring class action trial team. The trial of that class action led to a nationwide global settlement valued in excess of $3 billion in medical monitoring and personal injury claim relief. He has also been

appointed co-lead counsel in the New Jersey *Hormone Replacement Therapy Litigation.* He has also served as class counsel in a number of class actions on behalf of professional medical societies and healthcare providers, including *Pennsylvania Orthopaedic Society v. IBC*, Case No. 021200002 (C.P. Phila. County, 2002), in which a recent settlement produced equitable relief in the form of unprecedented disclosures of a dominant health insurer's reimbursement practices to healthcare providers and produced prospective relief of increased reimbursements in excess of $50 million. Mr. Auerbach has litigated a number of cases involving radiation health effects, including *In re Hanford Nuclear Reservation*, (U.S.D.C. E.D. Wash.) and *Cook, et al. v. Rockwell International, et al.,* (U.S.D.C. D.Colo.), involving the former operators of the Rocky Flats Nuclear Weapons Plant in Golden, Colorado. Mr. Auerbach has also represented clients in a number of civil rights actions involving religious freedom and racial discrimination claims.

From 1983 to 1988, Mr. Auerbach was a research associate and teaching fellow in the Department of Epidemiology at the University of Pittsburgh's School of Public Health. During law school, Mr. Auerbach was a judicial intern for the Hon. John T. J. Kelly, Jr. of the Pennsylvania Superior Court. He also served as a policy analyst with the Philadelphia Mayor's Office of Drug Control Policy. He has been a member of the Society for Epidemiologic Research. Mr. Auerbach is admitted to the bar in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Courts for the Eastern District of Pennsylvania, New Jersey, Colorado, Western District of Texas and the United States Court of Appeals for the Third Circuit and Tenth Circuit. Mr. Auerbach has been a guest lecturer on civil rights and constitutional law at Arcadia University. Mr. Auerbach has served on a *pro bono* basis as a court-appointed Child Advocate and guardian *ad litem* on behalf of abused and neglected children through the Philadelphia Support Center for Child Advocates. He also serves as a member of the Investigative Division of the Philadelphia Bar Association's Commission on Judicial Selection and Retention. Mr. Auerbach is a Barrister in the Temple American Inn of Court. Mr. Auerbach is AV rated by Martindale-Hubbell. Mr. Auerbach has been named a Pennsylvania Super Lawyer (2005, 2006, 2007).

**List of Representative Cases in which Marcus and Auerbach have served as principal or lead counsel:**

Prometheus Radio Project v. FCC (represented Capital Broadcasting Company, Inc.)

Distream v. Infinium (intellectual property dispute over streaming technology)

Sokol v. BMB Munai, Inc. (dispute re corporate control of publicly held corporation)

In Re: American Investors Life Insurance Co. Annuity Marketing and Sales Practices Litigation MDL-1712 (co-lead counsel in nationwide multi-district litigation involving sale of deferred annuities to seniors)

In re Plastic Cutlery Antitrust Litigation

2

In re Flatglass Antitrust Litigation

Callahan v. A.E.V. (Private business party dispute)

Radar Litigation (co-lead counsel in product liability action on behalf of veterans who were exposed to ionizing radiation from defective radar and missile defense systems)

Hornafius, et al. v. ExxonMobil (co-lead counsel in ERISA severance plan dispute)

EXHIBIT E

**GOLDENBERG LOSS CHART**

| NAME | SHARES PURCHASED | PURCHASE PRICE | SALE PRICE | LOSS |
|---|---|---|---|---|
| Mitchell Goldenberg | 500 | $10,336.50 | $4,970 | $5,366.50 |
| | 1,000 | $17,660 | $9,940 | $7,720 |
| | 1,000 | $13,260 | $9,940 | $3,320 |
| Jane Goldenberg | 500 | $8,935 | $4,970 | $3,965 |
| | 500 | $6,545 | $4,970 | $1,575 |
| Roslyn Goldenberg | 600 | $11,040 | $4,890 | $6,150 |
| | 476 | $9,996 | $1,785[1] | $8,211 |
| Michael & Lisa Goldenberg | 4,000 | $47,104 | $32,925.45 | $14,178.55 |
| Michael Goldenberg | 3,000 | $47,719 | $24,726.24 | $22,992.76 |
| **TOTAL** | 11,576 | $172,595.5 | $99,116.69 | $73,478.81 |

[1] Roslyn Goldenberg did not sell the 476 shares represented in this row.  To calculate an imputed sale price, Movants used a "settle-out" price of $3.75, the closing price for Centerline common stock on March 17, 2008.