**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE CENTERLINE HOLDING COMPANY
SECURITIES LITIGATION

Case No. 08 Civ. 00505 (SAS)

**LOUISE LEVIN, DEBORAH DECHTER, ELIZABETH F. NEWMAN, WAI-LAM LI,
AND PEI-MEI LI'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR APPOINTMENT OF LEAD PLAINTIFFS
AND FOR APPROVAL OF THEIR SELECTION OF LEAD COUNSEL**

**WOLF POPPER LLP**
Marian P. Rosner (MR 0410)
James Harrod (JH 4400)
James Kelly-Kowlowitz (JK 9616)
845 Third Avenue
New York, NY 10022
(212) 759-4600

Attorneys for Movants and
Proposed Lead Counsel for the Class

Doc. 160165

## I.  **PRELIMINARY STATEMENT**

Movants Louise Levin, Deborah Dechter, Elizabeth F. Newman, Wai-Lam Li, and Pei-Mei Li's ("Movants") respectfully submit this memorandum of law in support of their motion, pursuant to §21D of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act (the "PSLRA"), for an order: (a) appointing Movants as Lead Plaintiffs in this action and in any consolidated related action; and (b) approving their selection of Wolf Popper LLP as Lead Counsel.[1]

## II.  **INTRODUCTION**

This action alleges that Centerline Holding Company ("Centerline" or the "Company") and certain of its senior officers and trustees materially misrepresented Centerline's business conditions and financial results, in violation of §§10(b) and 20(a) of the Exchange Act, as well as the rules and regulations promulgated thereunder by the Securities and Exchange Commission ("SEC"), including Rule 10b-5, 17 C.F.R. §240.10b-5.

In class actions filed under the foregoing provisions of the federal securities laws, the PSLRA requires that courts appoint as Lead Plaintiff the member or members of the class that have satisfied certain procedural prerequisites and also constitute the "most adequate representative(s)" of the prospective class. As set forth below, Movants amply satisfy all of the criteria for selection as Lead Plaintiff. Furthermore, Movants satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Accordingly, Movants should be appointed Lead Plaintiffs.

Movants also respectfully request that the Court approve their selection of Lead Counsel, in

---

[1] The Certifications of Movants are annexed as Exhibits 1 through 4 to the accompanying Declaration of James Kelly-Kowlowitz (the "Kelly-Kowlowitz Decl.").

accordance with the PSLRA.  The law firm selected by Movants, Wolf Popper LLP, has extensive

experience in securities class action litigation and is well-qualified to represent the interests of all

Class Members.

## III.    STATEMENT OF FACTS

Centerline is a publicly owned investment holding firm. Through its subsidiaries, the firm

operates as a real estate finance and investing company.  It provides capital solutions to developers

and owners of properties, as well as investment products to institutional and retail investors.

Centerline is a citizen of the States of New York and Delaware.  Plaintiffs in the actions allege that

during the Class Period, defendants knowingly or recklessly issued a series of materially false and

misleading statements that misled the investing public about Centerline's business, operations,

performance, and prospects, and in particular, the alteration of Centerline's financial structure (and

shareholder base) from that of an income-oriented company to a growth-oriented company.  The

Company's materially false and misleading statements artificially inflated the trading price of

Centerline stock during the Class Period.

## IV.    ARGUMENT

### A.    MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

#### 1.    Movants Have Satisfied The Procedural Requirements Of The PSLRA

Under the provisions of the PSLRA, a person or group of persons seeking to serve as Lead

Plaintiff must fulfill certain procedural prerequisites prior to being appointed to serve in such a

capacity.  Plaintiffs who commence securities class actions must publish a notice to the class, within

twenty days of filing the action, informing class members of the pendency of the action and their

right to file a motion for appointment as Lead Plaintiff.  See 15 U.S.C. §78u-4(a)(3)(A)(i).  Within

sixty days after that publication of notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiffs. Id.

On January 18, 2008, the first of the actions against defendants was filed. On January 18, 2008, the initial notice of the pendency of the action was published and disseminated over the *PRNewswire*, a widely circulated, international, business-oriented wire service. A copy of this notice is attached as Exhibit 5 to the Kelly-Kowlowitz Decl. Movants' motion, which is being submitted to this Court by March 18, 2008, is timely because it is being made within sixty days after publication of the initial notice. Thus, Movants have satisfied the procedural prerequisites set forth in the PSLRA.

### 2.    **Movants Constitute The "Most Adequate Plaintiffs"**

The PSLRA mandates that, not more than ninety days after publication of the initial notice of pendency, a court shall consider any motion made by any class member, and appoint as Lead Plaintiff the member(s) of the class that the court determines to be most capable of adequately representing the interests of class members. See 15 U.S.C. §78u-4(a)(3)(B). Under the PSLRA, such persons are referred to as the "most adequate plaintiff." Id.

The statute dictates that courts must presume that the most adequate plaintiff:

is the person or group of persons that:

(aa)    has either filed the complaint or made a motion in response to a notice . . .;

(bb)    in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). <u>See</u> <u>Ferrari v. Impath, Inc.</u>, No. 03-CV-5667 (DAB), 2004 U.S. Dist. LEXIS 13898 at *13 (S.D.N.Y. Jul. 15, 2004); <u>Fitzgerald v. Citigroup Inc.</u>, No. 03-CV-4305 (DAB), 2004 U.S. Dist. LEXIS 5066 at *5 (S.D.N.Y. Mar. 19, 2004); <u>Weiss v. Friedman, Billings, Ramsey Group, Inc.</u>, No. 05-CV-04617 (RJH), 2006 U.S. Dist. LEXIS 3028, at *10 (S.D.N.Y. Jan. 24, 2006); <u>In re Espeed, Inc. Sec. Litig.</u>, 232 F.R.D. 95, 97-98 (S.D.N.Y. 2005) (Scheindlin, J). Movants are entitled to this presumption and are demonstrably the most adequate plaintiffs.

### 3.      Movants Have Made A Timely Motion For Appointment as Lead Plaintiffs

Movants have fulfilled the first prong of the foregoing statutory test for determining the most adequate plaintiff. Movants have attested to their willingness to serve as representatives on behalf of the Class, and have made this motion. <u>See</u> Kelly-Kowlowitz Decl., Exhibits 1-4. Therefore this element is satisfied.

### 4.      Movants Have The Largest Financial Interest

The second prong of the test for the "most adequate plaintiff" requires the proposed Lead Plaintiff to have the largest financial interest in the relief sought by the Class. According to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb), the Court shall appoint as lead plaintiff the class member who represents the largest financial interest in the relief sought by the action.

Movants believe that they have the largest financial interest in the relief sought by the Class. Movants purchased a total of 38,165 shares of Centerline common stock during the Class Period, and have sustained losses of approximately $292,404.96 as a result of having purchased those shares at artificially inflated prices. Movants are unaware of any person who has a larger financial interest in the relief sought by the Class. Charts quantifying Movants' losses are attached as Exhibit 6 to the

Kelly-Kowlowitz Decl.

### 5.    **Movants Satisfy Rule 23**

In addition to the aforementioned requirements, 15 U.S.C. §78u-4(a)(3)(B) dictates that the proposed Lead Plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." To satisfy Rule 23, persons seeking class certification must demonstrate that: the number of class members is so large that joinder of all class members is impracticable; common issues of law and fact exist and predominate over individual questions; the class representatives are typical of class members; the class representatives will fairly and adequately protect the interests of the class; and a class action is superior to individual actions. See Fed. R. Civ. P. 23(a) and (b)(3). For purposes of a motion for appointment of lead plaintiff, a movant need only make a preliminary showing that he or she satisfies Rule 23. See In re Fuwei Films Securities Litigation, No. 07 Civ. 9416 RJS, 2008 WL 216289, *4 (S.D.N.Y. Jan. 24, 2008) ("in deciding a motion to serve as lead plaintiff, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met"), citing to Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc., 229 F.R.D. 395, 412 (S.D.N.Y. 2004).

Of the prerequisites to class certification set forth in Rule 23, only the typicality and adequacy prongs are implicated in any consideration of the "most adequate plaintiff." This is clear from §27(a)(3)(B)(iii)(II), which provides that the presumption in favor of the most adequate plaintiff may be rebutted only upon proof that this individual or group:

> (aa) will not fairly and adequately protect the interest of the class; or
> (bb) is subject to unique defenses that render such plaintiff incapable
> of adequately representing the class.

Id. Consequently, in deciding a motion for appointment of Lead Plaintiff, inquiry should be limited

to the typicality and adequacy prongs of Rule 23(a). See Corwin v. Seizinger., No. 07 Civ. 6728 DC, 2008 WL 123846, *2 (S.D.N.Y. Jan. 8, 2008) ("As for the requirements of Rule 23, at this stage a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23."); see also Constance Sczesny Trust. v. KPMG LLP, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); In re Initial Pub. Offering Sec. Litig., 214 F.R.D. 117, 121 (S.D.N.Y. 2002).

### a.    Movants Fulfill The Typicality Requirement

The typicality requirement of Rule 23(a)(3) is satisfied when each class member's claims arise from the same course of events and each class member makes similar arguments to prove the defendants' liability. See Constance Sczesny Trust, at 324; see also In re Oxford Health Plans, Inc., Sec. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("[Typicality is satisfied where the claims] arise from the same conduct from which the other class members' claims and injuries arise.") citing In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir.1992).

Movants seek to represent a Class of persons who purchased Centerline common stock at artificially inflated prices during the Class Period and were damaged thereby. Movants satisfy the typicality requirement because they: (i) purchased Centerline common stock during the Class Period; (ii) at prices that were artificially inflated as a result of the materially false and misleading statements caused to be issued by the defendants during the Class Period; and (iii) suffered damages thereby. Thus, typicality is satisfied since the claims asserted by Movants arise "from the same event or course of conduct that give rise to claims of other class members and the claims are based on the same legal theory." Walsh v. Northrop Grumman Corp., 162 F.R.D. 440, 445 (E.D.N.Y. 1995).

b.    **Movants Fulfill The Adequacy Requirement**

Section 27(a) of the PSLRA directs the Court to limit its inquiry under the adequacy prong to the existence of any conflicts between the interests of the proposed representative and the members of the Class. See 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(bb). Adequacy depends upon the existence of common interests between the class members and the representative party and a showing of a willingness of the representative party to vigorously prosecute the action on behalf of the class members. In re Espeed, Inc. Sec. Litig., 232 F.R.D. 95, 103 (S.D.N.Y. 2005).

Here, the interests of Movants are clearly aligned with the members of the Class, and there is no evidence of any antagonism between their interests and the Class. As detailed above, Movants share identical questions of law and fact with the members of the Class, and their claims are typical of the claims of other Class members. Further, Movants have already demonstrated their interest in pursuing this action on behalf of the Class by signing the Certifications attesting to their willingness to assume the responsibilities of Class representatives.

Movants are victims of the same fraud as all other Class members, and their claims raise similar questions of law and fact as those of all Class members. To further their own interests, Movants will necessarily have to advance the interests of all Class members. Movants have already demonstrated that they are committed to vigorously prosecuting claims on behalf of the Class, by retaining counsel experienced in complex class litigation and by executing the Certifications attesting to their willingness to serve as Class representatives. These facts amply demonstrate that Movants will adequately represent the interests of Class members.

B.    **THE COURT SHOULD APPROVE MOVANTS' CHOICE OF COUNSEL**

Pursuant to 15 U.S.C .§78u-4(a)(3)(B)(v) , the lead plaintiff shall, subject to Court approval,

Doc. 160165                                                                                      - 7 -

select and retain counsel to represent the class. The proposed Lead Plaintiffs have selected Wolf Popper LLP as lead counsel to prosecute the action. Wolf Popper LLP has been highly successful in prosecuting securities fraud class action litigation, as outlined in its firm's resume annexed as Exhibit 7 to the Kelly-Kowlowitz Decl. Thus, the Court may be assured that by granting this motion, the members of the Class will receive the highest caliber legal representation available.

## V.    **CONCLUSION**

For all of the foregoing reasons, Movants respectfully request that their motion for appointment as Lead Plaintiffs should be granted and the counsel they have selected and retained should be approved as Lead Counsel for all plaintiffs and Class members in connection with these proceedings.

Dated: March 18, 2008

Respectfully submitted,
**WOLF POPPER LLP**

By: /s/  James Kelly-Kowlowitz

Marian P. Rosner (MR 0410)
James Harrod (JH 4400)
James Kelly-Kowlowitz (JK 9616)
845 Third Avenue
New York, NY 10022
(212) 759-4600

Attorneys for Movants and
Proposed Lead Counsel for the Class

**PROOF OF SERVICE**

*In re Centerline Holding Company Securities Litigation,* Case No. 08 Civ. 00505 (SAS)

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action. I am employed with Wolf Popper LLP, whose offices are located in the City and State of New York. My business address is: 845 Third Avenue, New York, NY 10022.

That on March 18, 2008, I served the foregoing documents entitled: LOUISE LEVIN, DEBORAH DECHTER, ELIZABETH F. NEWMAN, WAI-LAM LI, AND PEI-MEI LI'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT OF LEAD PLAINTIFFS AND FOR APPROVAL OF THEIR SELECTION OF LEAD COUNSEL in this action, in particular on the following counsel for Defendants:

Curtis V. Trinko
LAW OFFICES OF CURTIS V.
TRINKO, LLP
16 West 46th Street, 7th Floor
New York, NY 10036
(212) 490-9550
Fax: (212) 986-0158

Alan Ian Ellman
Andrei V. Rado
Christopher J. Keller
LABATON SUCHAROW, LLP
140 Broadway
New York, NY 10005
(212)907-0700
Fax: (212)818-0477

*Attorneys for Thomas Lyons*

Arthur L. Shingler, III
Beth Ann Kaswan
David R. Scott
Walter W. Noss
SCOTT & SCOTT, LLP
600 B Street
Suite 1500
San Diego, CA 92101
(619) 233-4565
Fax: (619) 233-0508

*Attorneys for Plaintiff John Carfagno*

Alan Ian Ellman
Andrei V. Rado
Christopher J. Keller
LABATON SUCHAROW, LLP
140 Broadway
New York, NY 10005
(212)907-0700
Fax: (212)818-0477

Sherrie R. Savett
Barbara A. Podell
Eric Lechtzin
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
Phone:  (215) 875-3000
Fax:  (215) 875-4604

*Attorneys for Plaintiff Mark K. Goldstein*

Evan J. Smith
BRODSKY & SMITH, L.L.C.
240 Mineola Blvd.
Mineola, NY 11501
516-741-4977

Richard A. Maniskas
D. Seamus Kaskela
SCHIFFRIN BARROWAY
TOPAZ & KESSLER, LLP
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706
Fax: (610) 667-7056

*Attorneys for Peter Frank*

David Avi Rosenfeld
COUGHLIN, STOIA, GELLER, RUDMAN
& ROBBINS, LLP
58 South Service Road
Suite 200
Melville, NY 11747
631-367-7100
Fax: 631-367-1173

Jeffrey Simon Abraham
ABRAHAM FRUCHTER & TWERSKY
LLP
One Penn Plaza
Suite 1910
New York, NY 10119
212-279-5050
Fax: 212-279-3655

*Attorneys for Lori Weinrib*

Richard A. Rosen
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP (NY)
1285 Avenue of the Americas
New York, NY 10019
212-373-3305
Fax: 212-373-2359

*Attorneys for Defendants*

Kim Elaine Miller
Lewis Kahn
KAHN GAUTHIER SWICK, LLC
12 East 41st Street
12th Floor
New York, NY 10017
(212) 696-3730
Fax: (504) 455-1498

*Attorneys for Brian Quill*

      BY ELECTRONIC MEANS:  I caused the above-referenced document to be uploaded onto

the ECF system for the United States District Court, Southern District of New York.

      I declare under penalty of perjury under the laws of the United States and the State of New

York that the foregoing is true and correct.  Executed on March 18, 2008, at New York, New York.

                                        Anthony D. Green