**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CENTERLINE HOLDING COMPANY SECURITIES LITIGATION | Case No. 08 Civ. 00505 (SAS) |
| BRIAN QUILL, Individually And On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CENTERLINE HOLDING CO. INC., MARC D. SCHNITZER, ROBERT L. LEVY, STEPHEN M. ROSS, JEFF T. BLAU, and LEONARD W. COTTON <br><br> Defendants. | Case No. 08 Civ. 01902 (SAS) |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE BURNS GROUP'S MOTION FOR CONSOLIDATION OF ALL RELATED ACTIONS; APPOINTMENT AS LEAD PLAINTIFF; AND APPROVAL OF ITS SELECTION OF CO-LEAD COUNSEL AND IN OPPOSITION TO ALL OTHER COMPETING MOTIONS**

**DREIER LLP**
Bruce D. Bernstein
Rebecca Tingey
499 Park Avenue
New York, New York 10022
Telephone: (212) 328-6100

**KAHN GAUTHIER SWICK, LLC**
Kim E. Miller
12 East 41st Street, 12th Floor
New York, NY 10017
Telephone: (212) 696-3730

-- and --

Lewis Kahn
Poydras Center
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130
Telephone: (504) 455-1400

*Counsel for the Burns Group and*
*Proposed Co-Lead Counsel for the Class*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...........................................................................................ii

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................ 2

    A.    ALL RELATED ACTIONS SHOULD BE CONSOLIDATED ........................... 2

    B.    THE BURNS GROUP SHOULD BE APPOINTED LEAD PLAINTIFF............. 3

        1.    The Burns Group Has the Largest Financial Interest in the Relief Sought by the Class ................................................................................. 4

        2.    The Burns Group Satisfies the Relevant Rule 23 Requirements ................ 5

        3.    The Court Should Approve the Burns Group's Selection of Counsel ........ 7

    C.    ALL OTHER MOTIONS SHOULD BE DENIED ................................................. 7

CONCLUSION ......................................................................................................... 8

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ...................................................................................7

*In re eSpeed, Inc. Sec. Litig.*,
   232 F.R.D. 95 (S.D.N.Y. 2005) ...........................................................................4, 6

*Ferrari v. Gisch*,
   225 F.R.D. 599 (C.D. Cal. 2004), .........................................................................7

*Johnson v. Celotex*,
   899 F.2d 1281 (2d Cir. 1990) ...............................................................................2

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ...........................................................................3, 4

*Lax v. First Merchs. Acceptance Corp.*,
   No. 97-Civ.2715, 1997 WL 4610136 (N.D. Ill. Aug. 11, 1997) ..............................4

*Newman v. Eagle Building Techs.*,
   209 F.R.D. 499 (S.D. Fla. 2002) .........................................................................4, 6

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) ...........................................................................5

*Sofran v. LaBranche & Co.*,
   220 F.R.D. 398 (S.D.N.Y. 2004) ........................................................................5, 7

*Strougo v. Brantley Capital Corp.*,
   243 F.R.D. 100 (S.D.N.Y. 2007) ...........................................................................4

*Takara Trust v. Molex Inc.*,
   229 F.R.D. 577 (N.D. Ill. 2005) ...........................................................................4

*Vladimir v. Bioenvision, Inc.*,
   No. 07 Civ. 6416, 2007 WL 4526532 (S.D.N.Y. Dec. 21, 2007) ...........................8

*Weiss v. Friedman, Billings, Ramsey Group, Inc.*,
   No. 05-CV-04617, 2006 WL 197036 (S.D.N.Y. Jan. 25, 2006) ...........................4, 5

*In re Williams Sec. Litig.*,
   No. 02-CV-72, 2002 WL 32153476 (N.D. Okla. July 8, 2002) ..............................8

*In re Xethanol Corp. Sec. Litig.*,
   No. 06 Civ. 10234 (S.D.N.Y.) ...............................................................................6

## STATUTES

15 U.S.C. § 78u-4 ................................................................................................... *passim*

Fed. R. Civ. P. 23 ...............................................................................................................2

Fed. R. Civ. P. 42(a) ......................................................................................................1, 2

Tom Burns, Joseph Fryzer, Melvin Krevoy, and Stephen Landau (collectively the "Burns Group" or "Group") respectfully submit this memorandum of law in further support of their motion to consolidate all related securities class actions pursuant to Fed. R. Civ. P. 42(a); to be appointed as Lead Plaintiff in the consolidated actions; and to have their counsel Dreier LLP and Kahn Gauthier Swick, LLC ("Kahn Gauthier") appointed as Co-Lead Counsel for the Class; and in opposition to the four competing lead plaintiff/lead counsel motions made pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").[1]

## <u>INTRODUCTION</u>

On the face of the five competing motions filed by the movants seeking to be appointed lead plaintiff, the Burns Group, which suffered losses of approximately $1,429,403.83 as a result of its members' purchases of Centerline Holding Company ("Centerline") common stock from December 5, 2006 through December 28, 2007, inclusive (the "Class Period"), has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb).[2]  In fact, the Burns Group's loss is more than $327,000 larger than that reported by the Centerline Investor Group, the movant with the next largest loss, and dwarfs the losses of the other three movants:

---

[1]  The other motions were filed by: (1) the Centerline Investor Group (consisting of J. Michael Fried, Joseph A. Braddock, Norman Millman, and Ed Friedlander, as trustee for the Ed Friedlander Trust); (2) Louise Levin, Deborah Dechter, Elizabeth F. Newman, Wai-Lam Li, Pei-Mei Li (the "Levin Group"); (3) Roslyn Goldenberg, Mitchell and Jane Goldenberg, and Michael and Lisa Goldenberg (the "Goldenberg Group"); and (4) David Garfinkle ("Garfinkle").

[2]  The figures set forth herein reflect the corrected calculation that the Burns Group provided previously to the Court in light of, among factors, the withdrawal of Jona Goldrich from the Burns Group.  *See* Declaration of Lewis Kahn Correcting Calculations Set forth in Support of the Burns Group's Motion for Consolidation of all Related Actions; Appointment As Lead Plaintiff and Approval of Selection of Co-Lead Counsel (Dkt. Entry. No. 35) (Kahn Decl.); *see also* Notice of Withdrawal of Jona Goldrich from the Burns Group (Dkt. Entry. No. 34).

| Movant | Approximate Class Period Loss |
|---|---|
| Burns Group | $1,429,403.83 |
| Centerline Investor Group | $1,101,513 |
| Levin Group | $292,404.96 |
| Goldenberg Group | $73,478.81 |
| Garfinkle | $27,000 |

In addition, the Burns Group is a small and cohesive PSLRA group that satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23, is more than capable of spearheading this litigation, and therefore is entitled to the presumption that it is the most adequate plaintiff pursuant to the PSLRA. Accordingly, and because there are no possible grounds to rebut the presumption that the Burns Group is the most adequate plaintiff, the Burns Group respectfully requests that the Court grant its motion to be appointed Lead Plaintiff, and approve its selection of Dreier LLP and Kahn Gauthier as Co-Lead Counsel.

## ARGUMENT

### A.     ALL RELATED ACTIONS SHOULD BE CONSOLIDATED

The federal securities class action, captioned *Quill v. Centerline Holdings Co.*, No. 08 Civ. 1902 (the "*Quill* Action"), should be consolidated with the five other securities fraud class actions against Centerline that have been consolidated previously (the "Consolidated Actions"), as all of these actions involve "common question[s] of law or fact." Fed. R. Civ. P. 42(a); *see also Johnson v. Celotex*, 899 F.2d 1281, 1285 (2d Cir. 1990) (consolidation is appropriate when there are "common questions of law or fact"). Among other things, the *Quill* Action and Consolidated Actions: (i) rely "on a common pattern in their allegations" (*i.e.*, that Defendants' statements to the investing public misrepresented or omitted to state material facts about Centerline's financial growth and prospects; (ii) allege virtually identical claims (*i.e.*, federal

securities claims); (iii) against the same defendants; and (iv) are brought on behalf of injured Centerline investors.

The fact that the *Quill* Action lengthens the Class Period by approximately three months so as to include additional misleading statements concerning Centerline's growth and prospects, which Defendants made at an investor conference, does not preclude consolidation of the actions.  *See, e.g., Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) (Buchwald, J.) (consolidating multiple securities fraud class actions even though sixteen month difference in start of class period).  Indeed, that at least two other movants, in addition to the Burns Group, use the Class Period set forth in the *Quill* Action "for purposes of this motion" further supports consolidation of the actions.  Centerline Investor Group opening mem. at 3 n.4 ("[T]he Centerline Investor Group has used the longest of the class periods, December 5, 2006 through December 28, 2007, inclusive, to demonstrate that they will adequately represent the entire class of persons who purchased Centerline stock.") (citing cases); *see also* Goldenberg Group opening mem. at 2 n.1 ("The Goldenberg's derive the Cass [sic] Period from the case *Quill v. Centerline Holding Co., Inc., et al.*, 08-Civ-01902").[3]

### B.    THE BURNS GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA mandates -- and the competing movants all agree -- that the "most adequate plaintiff" is presumed to be the person or group of persons that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the

---

[3]  Movant Garfinkle, the movant with the smallest financial loss in this action, erroneously argues that "the Class Period [the Burns Group] has utilized in calculating its financial interest appears to be improper and inconsistent with the underlying allegations of the complaint," and then voices his support for the Centerline Investor Group.  Garfinkle Response to Competing Motions at 1.  However, in addition to failing to provide any legal or factual support for his contention, movant Garfinkle ignores that, as noted above, the Centerline Investor Group, like the Burns Group, relies on the "***longest*** of the class periods.") (emphasis added).

Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Here, because the Burns Group has reported the largest financial interest and has *prima facie* satisfied the typicality and adequacy requirements of Rule 23, it is presumptively the "most adequate plaintiff." *Id.*

### 1.     The Burns Group Has the Largest Financial Interest in the Relief Sought by the Class

As discussed in the Burns Group's opening memorandum, courts in the Second Circuit generally look at four factors (the "*Lax Factors*") to determine which plaintiff has the largest financial investment in the relief sought by the class: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100 (S.D.N.Y. 2005), citing *Lax v. First Merchs. Acceptance Corp.*, No. 97-Civ.2715, 1997 WL 4610136, at *5 (N.D. Ill. Aug. 11, 1997). Notably, courts have largely found that the "financial loss prong" is "the ***most significant*** of [the 4-factor test] elements." *Weiss v. Friedman, Billings, Ramsey Group, Inc.*, No. 05-CV-04617, 2006 WL 197036, at *3 (S.D.N.Y. Jan. 25, 2006) (emphasis added); *see also Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 104 (S.D.N.Y. 2007) (Robinsons, J.) (same); *Kaplan*, 240 F.R.D. at 93 (same).[4]

Here, the Burns Group, with an approximate Class Period loss of $1,429,403.83, clearly has the "largest financial interest in the relief sought by the class" in comparison to the other movants in this matter. Indeed, the Burns Group incurred over $327,000 more in losses than the

---

[4]   Similarly, courts in other jurisdictions consider the approximate loss as the most important factor. *See, e.g., Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) (in determining the largest financial interest, "most courts simply determine which potential lead plaintiff has suffered the greatest total losses."); *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 502 (S.D. Fla. 2002) (the "most important factor in determining the lead plaintiff is the amount of financial interest claimed.").

Centerline Investor Group, the movant with the next largest loss (of $1,101,513). *See Weiss*, 2006 WL 197036, at *3 (finding that the $121,231 difference between $917,235 and $796,004 was "not 'negligible'"). The purported losses of the remaining movants, the Levin Group ($292,404.96), the Goldenberg Group ($73,478.81) and Garfinkle ($27,000) are substantially smaller. With respect to the remaining "*Lax Factors*," the Burns Group, in comparison to the other movants, has: (i) purchased the greatest number of shares of Centerline common stock (142,832 shares); (ii) purchased the second largest number of net shares (70,984); and (iii) expended the second greatest amount of net funds ($1,398,463.11).

As the Burns Group has incurred the greatest financial loss (*i.e.,* the most significant of the *Lax Factors*), and also purchased the greatest number of shares, its members believe that it has the largest financial interest in the relief sought by the Class. *See Weiss*, 2006 WL 197036, at *3.

### 2. The Burns Group Satisfies the Relevant Rule 23 Requirements

After identifying the movant with the greatest financial interest, courts then determine whether that movant "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) (Sweet J.) ("Once … the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff ***alone*** and be limited to determining whether he satisfies the other statutory requirements.") (emphasis added) (citation omitted). The PSLRA's focus of the inquiry under this provision is on the typicality requirement of Rule 23(a)(3) and the adequacy requirement of Rule 23(a)(4). *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 411 (S.D.N.Y. 2004) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status"). Furthermore, at this procedural stage of the

litigation, the Burns Group "need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *eSpeed, 232 F.R.D. at 102* (citation omitted).

**(a)    The Burns Group's Claims are Typical of the Class Claims**

The Burns Group readily meets the typicality requirement of Rule 23(a).  Under Rule 23(a)(3), typicality is satisfied "where the claims arise from the same conduct from which the other class members' claims and injuries arise."  *eSpeed*, 232 F.R.D. at 102.  As detailed in its opening brief, and discussed above, the Burns Group claims are typical to those of the class because it purchased Centerline shares during the Class Period:  (a) at prices alleged to have been artificially inflated by the false and misleading statements made by Defendants, and (b) was damaged by Defendants' alleged violations of the federal securities laws.

**(b)    The Burns Group Will Fairly and Adequately Represent the Interests of the Class**

The Burns Group also easily meets the adequacy requirement of Rule 23(a).  Pursuant to Rule 23(a)(4), the "adequacy requirement is satisfied where (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic of one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous adequacy."  *eSpeed*, 232 F.R.D. at 102.  Here, the Burns Group's interests in prosecuting this action are clearly aligned with the members of the Class -- and there is no evidence of any antagonism between those interests.[5]  In addition, the Burns Group also has a

---

[5]  The withdrawal of Jona Goldrich from the Burns Group in no way undermines the adequacy of the Group to represent the Class.  Indeed, movant groups are appointed as lead plaintiff even after the withdrawal of an individual member as long as they continue to have the "largest loss." *See, e.g, In re Xethanol Corp. Sec. Litig.*, No. 06 Civ. 10234 (S.D.N.Y.) (Baer, J.), Exh. A attached hereto (notice of withdrawal of Martin Schehin from Counsell Group); Exh. B attached hereto (Order appointing Counsell Group as Lead Plaintiff); *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 505 (S.D. Fla. 2002) (finding that although one member of group of proposed lead plaintiff could not serve, "[s]uch finding does not kill the ability of the remaining Davidson Group to serve as lead plaintiff.").

significant, compelling interest in vigorously prosecuting this action to a successful conclusion based on the significant financial loss its members incurred as a result of the wrongful conduct alleged. Finally, the Burns Group has selected law firms, Dreier LLP and Kahn Gauthier, which are highly qualified and experienced in prosecuting securities class actions.

### 3. The Court Should Approve the Burns Group's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Burns Group has selected Dreier LLP and Kahn Gauthier to serve as Co-Lead Counsel for the Class. Both firms are highly experienced in leading the successful prosecution of securities class actions and currently serve as lead counsel and represent lead plaintiffs in several large securities class actions.

### C. ALL OTHER MOTIONS SHOULD BE DENIED

As the Burns Group has the greatest financial interest and satisfies the relavent requirements of Rule 23, the motions filed by the other movants should be denied. In fact, as the Burns Group has readily met the requirements prescribed for the PSLRA for the appointment of lead plaintiff, the Court need not even address the "typicality" and "adequacy" of the other movants. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001) ("once the presumption is triggered, the question *is not* whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a fair and adequate job." (emphasis in original) (internal quotations omitted); *Sofran*, 220 F.R.D. at 402; *Ferrari v. Gisch*, 225 F.R.D. 599, 610 (C.D. Cal. 2004) ("although the court may compare putative lead plaintiffs

when assessing financial stake, once the statutory presumption has attached, it cannot be rebutted through relative comparison.") (citation omitted).[6]

## <u>CONCLUSION</u>

For the foregoing reasons, the Burns Group respectfully requests that this Court: (1) consolidate all related Actions; (2) appoint the Burns Group as Lead Plaintiff; (3) approve the Burns Group's selection of Dreier LLP and Kahn Gauthier as Co-Lead Counsel; and (4) grant such other and further relief as the Court may deem just and proper.

DATED:    April 4, 2008                          Respectfully submitted,

**DREIER LLP**

By:  /s/  Bruce D. Bernstein
Bruce D. Bernstein
Rebecca Tingey
499 Park Avenue
New York, New York 10022
Telephone: (212) 328-6100
Fax: (212) 710-5968

---

[6]  The other movants, unlike the Burns Group (*see* Kahn Decl.), have failed to identify and address, let alone correct, any of the apparent errors contained in their opening papers. *Compare, e.g.,* Centerline Investor opening memorandum. at 3 n.4 (("[T]he Centerline Investor Group has used the longest of the class periods, ***December 5, 2006 through December 28, 2007,*** inclusive, to demonstrate that they will adequately represent the entire class of persons who purchased Centerline stock.") ***with*** PSLRA certifications of Centerline Investment Group members Joseph Braddock and Norman Millman (setting forth transactions in Centerline securities "***between March 12, 2007 and December 28, 2007***")(emphasis added); *see also* Declaration of James Kelly-Kowlowitz in Support of Levin Group (certification of Wai-Lam and Pei-Mei  reflecting purchase of Centerline stock on October 31, 2007 at $13.45 per share even though lowest price on that date was $13.58).  *See* Exh. C attached hereto (stock price table for October 31, 2007).  These movants, however, will undoubtedly argue that such errors in no way undermine their adequacy to serve as lead plaintiff. *See, e.g., Vladimir v. Bioenvision, Inc.*, No. 07 Civ. 6416, 2007 WL 4526532 at *9-10 (S.D.N.Y. Dec. 21, 2007) (appointing movant as lead plaintiff after submitting several rounds of certifications containing errors, including impermissible language in violation of the PSLRA); *In re Williams Sec. Litig.*, No. 02-CV-72, 2002 WL 32153476, at *3 n. 8 (N.D. Okla. July 8, 2002) ("The Court finds that the corrected errors in Mr. Meruelo's certification and loss calculation do not provide a sufficient basis for denying his motion to be appointed lead plaintiff.").

**KAHN GAUTHIER SWICK, LLC**
Kim E. Miller
12 East 41st Street, 12th Floor
New York, NY 10017
Telephone: (212) 696-3730
Fax: (504) 455-1498

-and-

Lewis Kahn
Poydras Center
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130
Telephone: (504) 455-1400
Fax: (504) 455-1498

*Counsel for the Burns Group and Proposed*
*Co-Lead Counsel for the Class*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the e-mail addresses listed on the attached Electronic Mail Notice List, and I hereby certify that I served the foregoing via U.S. Mail to the non-CM/ECF participants listed on the Attached Manual Notice List.

<u>/s/  Rebecca Tingey</u>
Rebecca Tingey
**DREIER LLP**
499 Park Avenue
New York, New York 10022
Telephone: (212) 328-6100
Fax: (212) 710-5968

# Mailing Information for a Case 1:08-cv-00505-SAS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennifer Fletcher Beltrami**
  jbeltrami@wolfblock.com,erkaplan@wolfblock.com

- **Bruce D. Bernstein**
  bbernstein@dreierllp.com

- **Thomas George Ciarlone , Jr**
  tciarlone@lawssb.com

- **Alan Ian Ellman**
  aellman@labaton.com

- **Jacob Goldberg**
  jgoldberg@faruqilaw.com,abarinov@faruqilaw.com

- **Christopher J. Keller**
  ckeller@labaton.com,ElectronicCaseFiling@labaton.com

- **James Clayton Kelly**
  jkelly@wolfpopper.com

- **Andrei V. Rado**
  arado@labaton.com

- **Richard A. Rosen**
  rrosen@paulweiss.com

- **David Avi Rosenfeld**
  drosenfeld@csgrr.com,e_file_ny@csgrr.com,amartin@csgrr.com

- **Ralph M. Stone**
  rstone@lawssb.com

- **Rebecca A Tingey**
  rtingey@dreierllp.com

- **Antonio Vozzolo**
  avozzolo@faruqilaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Tony Broy**
,

**John Carfagno**
,

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MILTON ARIAIL, Individually And On Behalf of All Others Similarly Situated, | : Civil Action No. 06-CV-10234 <br> : <br> : Electronically Filed |
| Plaintiff(s), | : |
| vs. | : |
| XETHANOL CORPORATION, LAWRENCE S. BELLONE, CHRISTOPHER D'ARNAUD-TAYLOR and JEFFERY S. LANGBERG, | : <br> : <br> : |
| Defendants. | : |

[Caption continued on following page.]

## NOTICE OF WITHDRAWAL OF MARTIN SCHEHIN AS A MEMBER OF THE COUNSELL PROPOSED LEAD PLAINTIFF GROUP

---

JOSEPH SPOTO, On Behalf of Himself and All
Others Similarly Situated,

                Plaintiff,

   vs.

XETHANOL CORPORATION, LAWRENCE
S. BELLONE, CHRISTOPHER D'ARNAUD-
TAYLOR and JEFFERY S. LANGBERG,

                Defendants.

: Civil Action No. 06-CV-11476

---

ROBERT D. HAMILTON, Individually and On
Behalf of All Others Similarly Situated,

                Plaintiff,

   vs.

XETHANOL CORPORATION,
CHRISTOPHER D'ARNAUD-TAYLOR and
LAWRENCE S. BELLONE,

                Defendants.

: Civil Action No. 06-CV-11477

---

CHERYL DIFRUSCIO, Individually and On
Behalf of All Others Similarly Situated,

                Plaintiff,

   vs.

CHRISTOPHER D'ARNAUD-TAYLOR,
LAWRENCE S. BELLONE, JEFFERY S.
LANGBERG and XETHANOL
CORPORATION

                Defendants.

: Civil Action No. 06-CV-11516

---

2

---

CHAD JONES, Individually and On Behalf of   :
All Others Similarly Situated,            :   Civil Action No. 06-CV-13128
                                   :
                   Plaintiff,      :
                                   :
    vs.                            :
                                 :
XETHANOL CORPORATION, LAWRENCE   :
S. BELLONE, CHRISTOPHER D'ARNAUD-   :
TAYLOR and JEFFERY S. LANGBERG    :
                                 :
               Defendants.    :

---

ROBERT LINDBERG, Individually and On   :
Behalf of All Others Similarly Situated,    :   Civil Action No. 06-CV-14448
                                 :
                   Plaintiff,     :
    vs.                            :
                                 :
CHRISTOPHER D'ARNAUD-TAYLOR,     :
LAWRENCE S. BELLONE, JEFFERY S.     :
LANGBERG and XETHANOL          :
CORPORATION                  :
                                 :
               Defendants.    :

---

DAVID LEMOINE, Individually and On Behalf :
of All Others Similarly Situated,       :   Civil Action No. 06-CV-15176
                                 :
                   Plaintiff,     :
    vs.                            :
                                 :
XETHANOL CORPORATION, LAWRENCE   :
S. BELLONE, CHRISTOPHER D'ARNAUD-   :
TAYLOR and JEFFERY S. LANGBERG    :
                                 :
               Defendants.    :

---

     PLEASE TAKE NOTICE THAT Martin Schehin respectfully withdraws as a member of

Lead Plaintiff Movant the Counsell Group.

Respectfully submitted,

KAHN GAUTHIER SWICK, LLC

   /s/  Kim E. Miller
Michael A. Swick  (MS-9970)
Kim E. Miller (KM-6996)
114 East 39th Street
New York, NY 10016
Telephone:   (212) 920-4310
Facsimile:    (504) 455-1498


Lewis S. Kahn
Kahn Gauthier Swick, LLC
650 Poydras St., Suite 2150
New Orleans, Louisiana 70130
Telephone (504) 455-1400
Facsimile: (504) 455-1498

*Counsel for the Counsell Group and*
*Proposed Lead Counsel for the Class*

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                           :

In Re Xethanol Corporation Securities    :     06 Civ. 10234 (HB)
Litigation                           :
                           :     **ORDER**
                           :
-------------------------------------------------------x

ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/07

**Hon. HAROLD BAER, JR., District Judge:**

WHEREAS, on December 26, 2006, five Plaintiff groups and their respective counsel moved this Court for appointment as lead Plaintiff and lead Plaintiff's counsel in this action and therein submitted memoranda of law and supporting materials for the Court's review; and

WHEREAS, on February 6, 2007, this Court consolidated seven related actions (Ariail v. Xethanol Corp. et al., 06-cv-10234; Spoto v. Xethanol Corp. et al., 06-cv-11476; Hamilton v. Xethanol Corp. et al., 06-cv-11477; Difruscio v. D'Arnaud-Taylor et al., 06-cv-11516; Jones v. Xethanol Corp. et al., 06-cv-13128; Lindberg v. D'Arnaud-Taylor et al., 06-cv-14448; Lemoine v. Xethanol Corp. et al., 06-cv-15176) pursuant to Federal Rule of Civil Procedure 42(a); and

WHEREAS, on February 6, 2007, this Court heard oral argument on the motion for appointment of lead Plaintiff and lead Plaintiff's counsel; therefore, it is so

ORDERED, that Ronald L. Counsell, Clayton Antonio Leamons, John W. Zipay, Jr., and Ernest J. Shepherd (the Counsell Group) are appointed Lead Plaintiffs in this action; and it is further

ORDERED, that Khan Gauthier Swick is appointed Class Counsel in this action.

The Clerk of the Court is directed to close this motion and to remove this matter from my docket.

**SO ORDERED.**

March 14, 2007
New York, New York

_____
U.S.D.J.

# EXHIBIT C



Dow ↓ **0.13%** Nasdaq ↑ **0.32%**

---

| | GET QUOTES | Finance Search |
|---|---|---|

## Centerline Holding Co. (CHC)

      

## Historical Prices

Get **Historical Prices** for: [          ] GO

**SET DATE RANGE**

**Start Date:** Oct ▼ 31  2007    Eg. Jan 1, 2003
**End Date:** Oct ▼ 31  2007

- ● Daily
- ○ Weekly
- ○ Monthly
- ○ Dividends Only

Get Prices

First | Prev | Next | Last

**PRICES**

| Date | Open | High | Low | Close | Volume | Adj Close* |
|---|---|---|---|---|---|---|
| 31-Oct-07 | 13.75 | 14.00 | 13.58 | 13.80 | 313,600 | 12.86 |

* Close price adjusted for dividends and splits.

First | Prev | Next | Last

⬇ Download To Spreadsheet

ADVERTISEMENT