UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CENTERLINE HOLDING COMPANY SECURITIES LITIGATION | Civil Action No. 08-CV-00505 (SAS) |

**THIRD DECLARATION OF ALAN I. ELLMAN IN FURTHER SUPPORT OF THE MOTION OF THE CENTERLINE INVESTOR GROUP FOR APPOINTMENT AS <u>LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

Alan I. Ellman hereby declares as follows:

1. I am an attorney of Labaton Sucharow LLP, counsel for plaintiffs J. Michael Fried, Joseph A. Braddock, Norman Millman, and Edward Friedlander, as trustee for the Ed Friedlander Trust (the "Centerline Investor Group").

2. I respectfully submit this declaration in support of the Centerline Investor Group's motion for appointment as lead plaintiff of a class of purchasers of the securities of Centerline Holding Corp., and approval of the selection of Labaton Sucharow LLP and Berger & Montague, P.C. as lead counsel for the Class.

3. Annexed hereto as Exhibit 1 is a true and correct copy of the Motion of the Farrukh Group to Consolidate All Similar Cases, to be Appointed Lead Plaintiff and to Approve Proposed Lead Plaintiff's Choice of Counsel, filed in *Tsirekidze v. Syntax-Brillian Corp.*, No. 07-cv-2204 (D. Ariz. Jan. 15, 2008).

I declare under penalty of perjury the foregoing to be true and correct.

Executed this 14th day of April, 2008 in New York County, New York.

ALAN I. ELLMAN (AE-7347)

Exhibit 1

1  Hart L. Robinovitch, AZ Bar No. 020910
   ZIMMERMAN REED, PLLP
2  14646 N. Kierland Blvd., Ste. 145
3  Scottsdale, Arizona 85254
   Telephone: (480) 348-6400
4  Fax: (480) 348-6415
   hlr@zimmreed.com
5

6  *Proposed Liaison Counsel for Proposed*
   *Lead Plaintiff Movant The Farrukh Group*
7

8

9                    UNITED STATES DISTRICT COURT
                          DISTRICT OF ARIZONA
10

11 TEIMURAZ TSIREKIDZE, Individually  )  NO.: 2:07-cv-02204-JWS
   and On Behalf of All Others Similarly )
12 Situated,                           )  **CLASS ACTION**
                                       )
13              Plaintiff,             )  MOTION OF THE FARRUKH GROUP TO
        vs.                            )  CONSOLIDATE ALL SIMILAR CASES, TO
14 SYNTAX-BRILLIAN CORP., VINCENT      )  BE APPOINTED LEAD PLAINTIFF AND
   F. SOLLITTO, JR., and WAYNE PRATT, )  TO APPROVE PROPOSED LEAD
15                                     )  PLAINTIFF'S CHOICE OF COUNSEL AND
                Defendants.            )  MEMORANDUM OF POINTS AND
16                                     )  AUTHORITIES IN SUPPORT THEREOF
                                       )
17
   (Caption continued on the following page)
18

| | | |
|---|---|---|
| 1 | NAGEL FAMILY TRUST, On Behalf of ) Itself and All Others Similarly Situated, ) | |
| 2 | ) | **NO.: 2:07-cv-02454-ROS** |
| 3 | ) Plaintiff, ) vs. ) | |
| 4 | SYNTAX-BRILLIAN CORP., A.K.A. ) OLEVIA INTERNATIONAL GROUP, ) | |
| 5 | INC., VINCENT F. SOLLITTO, JR., ) JAMES CHING HUA LI, MAN KIT ) | |
| 6 | (THOMAS) CHOW and WAYNE ) PRATT, ) | |
| 7 | ) Defendants. ) | |
| 8 | ANGELKO BOGDANOV, On Behalf of ) | |
| 9 | Himself and All Others Similarly Situated, ) ) | **NO.: 2:07-cv-02524-ROS** |
| 10 | Plaintiff, ) | |
| 11 | vs. ) ) | |
| 12 | SYNTAX-BRILLIAN CORP., VINCENT ) F. SOLLITTO, JR., JAMES LI and ) WAYNE PRATT, ) | |
| 13 | ) Defendants. ) | |
| 14 | ) | |
| 15 | PAULA LANGLEY, Individually and On ) Behalf of All Others Similarly Situated, ) | |
| 16 | ) | **NO.: 2:07-cv-02525-EHC** |
| 17 | Plaintiff, ) vs. ) | |
| 18 | SYNTAX-BRILLIAN CORP., VINCENT ) F. SOLLITTO, JR., and WAYNE PRATT, ) | |
| 19 | ) Defendants. ) | |
| 20 | ) | |

## MOTION

Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Robert J. Kaplan moves this Court to consolidate all similar cases, to be appointed as Lead Plaintiff, and to appoint Kahn Gauthier Swick, LLC ("KGS") as Lead Counsel for the Class, and Zimmerman Reed, PLLP ("Zimmerman Reed") as Liaison Counsel for the Class.

This motion is made on the grounds that the Farrukh Group is the most adequate plaintiff as defined by the PSLRA.

## PRELIMINARY STATEMENT

The Farrukh Group hereby moves to consolidate all similar cases, to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(a) of the PLSRA, and for approval of its selection of the law firm of KGS as Lead Counsel for the Class and Zimmerman Reed, as Liaison Counsel for the Class in this securities fraud class action involving Syntax-Brillian Corporation. ("Syntax-Brillian" or the "Company").

The Farrukh Group fully understands its duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action. As described in the Certifications attached to the Affidavit of Hart L. Robinovitch in Support of the Motion of the Farrukh Group To Consolidate All Similar Cases, To Be Appointed Lead Plaintiff and To Approve Proposed Lead Plaintiff's Choice of Counsel ("Robinovitch Aff.") at Exhibit A, the Farrukh Group has suffered losses of $300,127.24 as a result of its members' purchase of shares of Syntax-Brillian common stock on the open market between the dates of February 9, 2007 and November 14, 2007, inclusive (the "Class Period").[1] To the best of its knowledge, the Farrukh Group has sustained the largest loss of any investor seeking to be appointed as Lead Plaintiff.

---

[1] For purposes of determining losses, a holdout price for shares held through the class period is $2.89. In addition, for purposes of this motion, the Farrukh Group adopts the longest Class Period stated amongst the complaints.

- 1 -

In addition to evidencing the largest financial interest in the outcome of this litigation, the Farrukh Group's Certifications demonstrates its members' intent to serve as Lead Plaintiff in this litigation, including their cognizance of the duties of serving in that role.[2] Moreover, the Farrukh Group satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and is presumptively the "most adequate plaintiff."

Accordingly, the Farrukh Group respectfully submits this memorandum of law in support of its motion, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, for an order: (1) consolidating all similar cases (2) appointing the Farrukh Group as Lead Plaintiff in this action pursuant to the Exchange Act; and (3) approving the Farrukh Group's selection of the law firm of KGS as Lead Counsel and Zimmerman Reed as Liaison Counsel for the Class.

**PROCEDURAL BACKGROUND**

The first lawsuit against defendants, *Teimuraz Tsirekidze v. Syntax-Brillian Corp., et al.*, No. 07-cv-2204, was filed on behalf of plaintiff Teimuraz Tsirekidze in the United States District Court for the District of Arizona on November 14, 2007. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on November 14, 2007, the first notice that a class action had been initiated against Defendants was published on the *Prime Newswire* by Gardy & Notis, LLP, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than 60 days from the date of the notice. *See* Robinovitch Aff. at Exhibit B.

Accordingly, the Farrukh Group's members are Class Members (*See* Robinovitch Aff. at Exhibit A) who have timely filed this motion within the 60 day period following publication of the November 14, 2007 notice.

---

[2] The relevant federal securities laws specifically authorize any Class Member seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). A copy of the Farrukh Group's Certifications of its members' transactions in Syntax-Brillian securities during the Class Period is attached as Exhibit A to the Robinovitch Affidavit that has been filed in support of this motion.

- 2 -

# STATEMENT OF FACTS[3]

Syntax-Brillian designs, develops and distributes high definition televisions as well as both digital and film cameras, and sells its televisions under the Olevia brand name. The Company is headquartered in Tempe, Arizona.

Throughout the Class Period, Syntax-Brillian reported immense growth in revenues, net income and profitability, largely resulting from its sales of Liquid Crystal Display ("LCD") televisions in China. Defendants repeatedly assured investors that the Company's future was "outstanding" and "continued to look bright…" These statements were false and misleading because Syntax-Brillian failed to disclose to investors that, despite the Company's shipment of hundreds of thousands of LCD televisions to China—thereby recording hundreds of millions of dollars in revenue—the demand for these televisions in China was weak.

On September 12, 2007, the Company issued a press release announcing its full year 2007 results. These fiscal-year results matched analyst expectations, but the Company warned that the results for its first quarter 2008 would be significantly below expectations, by nearly 25%, blaming a tighter credit environment in Asia for the revenue shortfall. In this press release, the Company also announced the resignation of its Chief Financial Officer, Wayne Pratt. The next day, Syntax-Brillian's common stock declined more than 33% to $4.01 on volume of more than 36 million shares.

The Company's practice of channel-stuffing did not become apparent until the Company reported on November 11, 2007, that its revenues for the quarter were $150.6 million (a 26.6% decline from the previous quarter), and that LCD revenue from China was $14.6 million, compared with $96.8 million in the prior quarter (a decline of 85%). The Company also announced that it ended its relationship with its sole distributor in China, and that it would be licensing its Olevia brand name for sales in Asia to a third party for the manufacture, marketing and selling of Olevia LCD televisions in Asia.

---

[3] These facts were derived from the allegations contained in the class action styled *Bogdanov v. Syntax-Brillian Corp., et al.*, No. 07-cv-02524, filed December 13, 2007.

- 3 -

## ARGUMENT

### I. THE COURT SHOULD CONSOLIDATE THE SIMILAR ACTIONS

Consolidation pursuant to Rule 42(a) is proper and routinely granted in actions such as this, where there are common questions of law and fact. See *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1064 (C.D. Cal. 1999).[4] Courts have recognized that securities class actions, in particular, are ideally suited to consolidation pursuant to Rule 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids contacting of the parties and witnesses for inquiries in multiple proceedings, and minimizes the expenditure of time and money by all persons concerned. See e.g., *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Indeed, "[i]n securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact" and the parties will not be prejudiced. *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973); *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001). Consolidating shareholder class actions streamlines and simplifies pre-trial and discovery proceedings, including motions, class action issues, clerical and administrative duties, and generally reduces the confusion and delay that result from prosecuting related actions separately before two or more judges. *Id.* See also *In re Olsten Corp. Securities Litigation*, 3 F.Supp.2d 286 (E.D.N.Y. 1998).

Accordingly, this Court should enter an Order that consolidates all similar cases with the instant action.

---

[4] Rule 42(a) of the Federal Rules of Civil Procedure allows this Court to order consolidation of separate actions:
> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all of the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs of delay.

- 4 -

## II. THE FARRUKH GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing Class Members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Prime Newswire* on November 14, 2007 (*See* Robinovitch Aff. Exhibit B).[5] This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than January 15, 2008. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant or movants that the Court determines to be most capable of adequately representing the interests of Class Members. 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the acts provide that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> > (aa) has either filed the complaint or made a motion in response to a notice…

---

[5] *Prime Newswire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 02-cv-8264, 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-cv-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. August 6, 1997). Accordingly, the Farrukh Group relies upon the notice published on *Prime Newswire* on November 14, 2007, and files its motion for Lead Plaintiff by the 60-day deadline of January 15, 2008.

      (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

      (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii).

Only by a showing that a Lead Plaintiff will not fairly and adequately represent the Class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the Class, will this presumption be overcome. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

### B. The Farrukh Group is "The Most Adequate Plaintiff"

#### 1. The Farrukh Group Has Complied With the PLSRA and Should Be Appointed Lead Plaintiff

The Farrukh Group moves this Court to be appointed Lead Plaintiff and has timely filed the instant motion to be appointed Lead Plaintiff within the 60-day time period requirement. The plaintiff in the first-filed action published notice on *Prime Newswire*, a national business-oriented wire service, on November 14, 2007. Accordingly, the Farrukh Group meets the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) by timely filing its motion on January 15, 2008.

Moreover, the Farrukh Group has sustained a substantial loss from its members' investment in Syntax-Brillian stock and has shown its willingness to represent the Class by signing Certifications detailing its member's Syntax-Brillian transaction information during the Class Period. *See* Robinovitch Aff. Exhibit A. As demonstrated by these Certifications, the Farrukh Group is prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of counsel's advice. In addition, the Farrukh Group has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm biographies of proposed Lead Counsel for the Class, KGS, and proposed Liaison Counsel for the Class, Zimmerman Reed, are attached as Exhibit C to the Robinovitch Affidavit.

### 2. The Farrukh Group has the Largest Financial Interest

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. "So long as the plaintiff with the largest losses satisfies the adequacy requirements, he is entitled to lead plaintiff status..." *Ferrari v. Gisch*, 225 F.R.D. 599, 602 (C.D. Cal. 2004) (*citing In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)). As demonstrated herein, the Farrukh Group (with losses of $300,127.24) has the largest known financial interest in the relief sought by the Class. *See* Robinovitch Aff. Exhibit A.

### 3. The Farrukh Group Satisfies the Requirements of Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative. *Siegall v. Tibco Software, Inc.*, 2006 U.S. Dist. LEXIS 26780, *15 (N.D. Cal. February 24, 2006) ("In the context of determining the appropriate lead plaintiff, the requirements of 'typicality' and adequacy of representation are key factors.") Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *Schriver v. Impac. Mortg. Holdings, Inc.*, 2006 Dist. LEXIS 40607, *16 (C.D. Cal. May 1, 2006) ("At the lead plaintiff appointment stage, the Rule 23

inquiry is not as searching as it would be on a motion for class certification; the prospective lead plaintiff need only make a prima facie showing that it meets the typicality and adequacy factors."). As detailed below, the Farrukh Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff. The Farrukh Group has claims that are typical of those of other Class Members and can adequately serve as Lead Plaintiff.

### i. The Farrukh Group's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims...of the representative parties" are "typical of the claims...of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other Class Members, and when the claims are based on the same legal theory. *See Crossen v. CV Therapeutics,* 2005 U.S. Dist. LEXIS 41396, *13 (N.D. Cal. August 9, 2005). The requirement that the proposed class representatives' claims be typical of the claims of the Class does not mean, however, that the claims must be identical. *See Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir. 1988).

In this case, the typicality requirement is met because the Farrukh Group's claims are identical, non-competing and non-conflicting with the claims of the other Class Members. the Farrukh Group and all of the Class Members purchased Syntax-Brillian securities during the Class Period when the stock prices were artificially inflated as a result of the Defendants' fraudulent misrepresentations and omissions, and thus, both the Farrukh Group and the Class Members suffered damages as a result of these purchases. Simply put, the Farrukh Group, like all other Class Members: (1) purchased Syntax-Brillian stock during the Class Period; (2) purchased Syntax-Brillian stock at artificially-inflated prices as a result of Defendants' misrepresentations and omissions; and (3) suffered damages thereby. The Farrukh Group's claims and injuries "arise from the same conduct from which the other class members' claims and injuries arise." *Crossen,* at *13. The Farrukh Group is not subject to any unique or special defenses. Thus, the Farrukh Group meets the typicality requirement of Fed. R. Civ. P. Rule 23 because its claims are the same as the claims of the other Class Members.

### ii. The Farrukh Group Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 78u-4(a)(3)(B). *See also Miller v. Ventro Corp.*, 2001 U.S. Dist. LEXIS 26027, *44 (N.D. Cal. November 28, 2001) (*citing Takeda v. Turbodyne Techs.*, 67 F.Supp. 2d 1129, 1132 (C.D. Cal. 1999)).

The Farrukh Group's interests are clearly aligned with the members of the Class because its claims are identical to the claims of the Class. There is no evidence of antagonism between its interests and those of the proposed Class Members. Furthermore, the Farrukh Group has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss its members incurred as a result of the wrongful conduct alleged herein. This motivation, combined with the Farrukh Group's identical interest with the members of the Class, clearly shows that the Farrukh Group will adequately and vigorously pursue the interests of the Class. In addition, the Farrukh Group has selected as Proposed Lead Counsel a law firm that is highly experienced in successfully prosecuting securities class actions to represent it.

In sum, because of the Farrukh Group's common interests with the Class Members, its clear motivation and ability to vigorously pursue this action, and its competent counsel, the adequacy requirement of Fed. R. Civ. P. Rule 23(a) is met in this case. Therefore, since the Farrukh Group not only meets both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, it is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.

### III. THE COURT SHOULD APPROVE THE FARRUKH GROUP'S CHOICE OF LEAD AND LIAISON COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Farrukh Group has selected KGS to serve as Lead Counsel for the Class and Zimmerman Reed to serve as Liaison Counsel for the Class. These firms have not only successfully prosecuted complex securities fraud actions, but have also successfully prosecuted many other types of complex class actions. *See* Robinovitch Aff. Exhibit C. Furthermore, the Farrukh Group's counsel has continually invested time and resources in carefully investigating and prosecuting this case. This Court may be assured that in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation.

### CONCLUSION

For all of the foregoing reasons, the Farrukh Group respectfully requests that this Court: (1) consolidate all similar cases; (2) appoint the Farrukh Group to serve as Lead Plaintiff in this action; (3) approve the Farrukh Group's selection of Lead Counsel and Liaison Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: January 15, 2008

/s/ Hart L. Robinovitch
Hart L. Robinovitch, AZ Bar No. 020910
ZIMMERMAN REED, PLLP
14646 N. Kierland Blvd., Ste. 145
Scottsdale, Arizona 85254
Telephone: (480) 348-6400
Fax: (480) 348-6415
hlr@zimmreed.com

*Proposed Liaison Counsel for Lead Plaintiff Movant The Farrukh Group and the Class*

| | |
|---|---|
| 1 | Of Counsel: |
| 2 | |
| 3 | Lewis S. Kahn<br>KAHN GAUTHIER SWICK, LLC |
| 4 | 650 Poydras Street, Suite 2150<br>New Orleans, LA 70130 |
| 5 | Telephone: (504) 455-1400<br>Facsimile: (504) 455-1498 |
| 6 | lewis.kahn@kgscounsel.com |
| 7 | Kim E. Miller |
| 8 | KAHN GAUTHIER SWICK, LLC<br>12 East 41st Street, 12th Floor |
| 9 | New York, NY 10017 |
| 10 | Telephone: (212) 696-3730<br>Facsimile: (504) 455-1498 |
| 11 | kim.miller@kgscounsel.com |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |